## Ingram, Appellant, v. Ingram.

*Divorce—Desertion—Defense by wife—Evidence—Burden of proof—Cruel and barbarous treatment.*

1. Where a husband files a libel against his wife for divorce on the ground of desertion, and the respondent in her answer avers that she was compelled to abandon her husband's home by reason of his cruel and barbarous treatment and indignities to her person, the burden of proof is upon the wife, and in order to prevail she must establish by the preponderance of the evidence a state of facts that will entitle her to a decree of divorce on the grounds advanced in her answer.

2. In such a case the husband will be entitled to a decree where the testimony of the wife merely tends to show that he frequently refused to talk with her; that on one occasion some years before he pointed a revolver at her, although he offered no threat that he would use it; that he would remain away from home until late at night, and sometimes all of the night leaving her a prey to anxiety for his safety and apprehension for her own; but without any proof that he violated his marital obligations, struck her, or made false accusations against her, or used opprobrious language towards her.

Argued April 27, 1914. Appeal, No. 106, April T., 1914, by plaintiff, from decree of C. P. Allegheny Co., April T., 1913, No. 1,774, dismissing libel for divorce in case of Thomas Ingram v. Nannie A. Ingram. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Libel for divorce. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the libel.

*J. H. Harrison*, with him *G. A. Harrison* and *Jas. A. Wakefield*, for appellant.—The evidence was not sufficient to sustain the averments of the answer: Richards v. Richards, 37 Pa. 225; Gordon v. Gordon, 48 Pa. 226; Smith v. Smith, 19 Phila. 389; Downing v. Downing,

8 Kulp, 463; Hardie v. Hardie, 162 Pa. 227; Klopfer's App., 1 Mona. 81; Vandyke v. Vandyke, 135 Pa. 459.

*George · B. Lewis,* for appellee.—If the cause or reason for the respondent leaving or absenting herself from the residence of the libelant is such as would entitle her to a divorce, the same would be a good defense and a decree of divorce should be refused: Detrick's App., 117 Pa. 452; Mason v. Mason, 131 Pa. 161; Oxley v. Oxley, 191 Pa. 474; Melvin v. Melvin, 130 Pa. 6; Cattison v. Cattison, 22 Pa. 275.

OPINION BY HEAD, J., December 7, 1914:

The libelant bases his claim to a decree of divorce on the ground that his wife, the respondent, willfully and maliciously deserted him, and persisted in such desertion for more than the statutory · period. The respondent who was personally served and contested any decree admitted the fact of the desertion or separation and that her abandonment of her husband's home was willful in the sense that it was intentional. She denied, however, that it was voluntary or malicious and insisted it was justified because the libelant had inflicted upon her "such cruel and barbarous treatment as to endanger her life and had offered such indignities to her person as to render her condition intolerable and her life burdensome," etc.

The burden of proof was thus shifted, as all of the authorities declare, and it became incumbent on the respondent to establish by the preponderance of the evidence, a state of facts that would entitle her to a decree of divorce on the grounds advanced in her answer above quoted.

In the case at bar the testimony was heard directly by the judge without the aid of a master or examiner. Nevertheless, in reviewing his decree, involving as it does mixed questions of law and fact, we cannot proceed as appellate courts ordinarily do in cases where

suits at law or in equity have been tried before a judge without a jury. We but follow an unbroken line of decisions of the Supreme Court and this court in determining that neither the court below "nor we can escape the burden of a careful consideration of the evidence to ascertain if it does in very truth establish the statutory grounds of divorce."

The parties have been married thirty-eight years. They have one child—a son married and residing almost alongside their home. The libelant is the owner of a considerable acreage of suburban land which, although unimproved and producing perhaps but little income, has large and growing intrinsic value. The respondent had and has some independent estate the extent of which does not appear, and does not deny her husband had presented her with property worth, as he declares, $15,000 and upwards, to which she replies only she was never offered $5,000 for it and has no idea what it is worth. In earlier years libelant farmed his land, but latterly occupied himself with the management and development of it for other purposes.

The respondent testifies that for some years past her husband had become addicted to the excessive use of intoxicating liquors. This is denied by him. But she was a competent witness and we may accept her as a credible one in so far as her testimony is intrinsically convincing. What, then, were the external manifestations of the husband's indulgence as they affected the person and physical surroundings of the wife? There is no intimation of any breach of that one of the marital obligations regarded as the most sacred. There is no charge that his hand was ever raised against her in violence save perhaps in the isolated instance to be hereafter noticed. She does not complain that she was compelled to listen to false accusations or opprobrious epithets concerning herself or that her ears were polluted by his ordinary use of profane or vulgar language. It is not, it could not be seriously urged that as

to food or raiment any reasonable want of hers was denied.

Her testimony does tend to establish that he frequently refused to talk with her; that on one occasion some years ago he pointed a revolver at her, although he uttered no threat he would use it; that he would remain away from home until late at night, and sometimes all of the night, leaving her a prey to anxiety for his safety and apprehension for her own. These and other like facts testified to indicate a course of conduct which, if established, would necessarily be productive of much unhappiness. But if it be "such cruel and barbarous treatment" endangering the wife's life as is contemplated by the statute, then, indeed, is our language too poor to furnish adequate terms to apply to the conduct usually depicted in the cases where divorces have been granted on the grounds we have been considering. So, too, there may be and are many and serious injuries to that inner and finer life which is of the spirit, that are not the "indignities to the person" with which the statute deals. The legislature has not yet seen fit to recognize as grounds of divorce that temperaments are incompatible, that ideals have been lowered, that indifference has usurped the seat of affection, and unhappiness driven away peace and contentment.

A careful and deliberate consideration of all of the evidence has convinced us we could not sustain a decree granting to the respondent a divorce on the grounds, advanced in her answer, to justify her desertion. This being true, the law fixes the consequences that must follow her mistaken prejudgment of her cause.

The order or decree dismissing the libel and refusing the divorce is reversed; the libel is reinstated and the record is remitted to the court below with direction to enter the decree prayed for.