## Ruddy v. Ruddy.

*Divorce—Desertion—Alleged justification.*

1. To excuse desertion on the ground that libellant had been guilty of cruel and barbarous treatment and indignities to her person, respondent must establish such facts as would sustain a libel in divorce upon these grounds.

2. A letter written by libellant to respondent before the date of separation, in which he offered to maintain her separate and apart from him, does not show that he consented to the separation.

Exceptions to master's report. C. P. No. 2, Phila. Co., March T., 1922, No. 177.

*Golder & Felger,* for libellant; *J. H. Simms,* for respondent.

BARRATT, P. J., Dec. 20, 1922.—The action of divorce in this case was brought by the husband on the ground of wilful and malicious desertion. Eleven exceptions to the report of the master were filed on behalf of the respondent. These may be divided into two main groups; the first being exceptions to the master's failure to find as a fact that the respondent was compelled to leave the libellant on the date of the alleged desertion, on May 8, 1919, by reason of such acts of personal abuse, cruel and barbarous treatment, threats of personal violence, as to thereby endanger her life, putting her in great fear and trepidation, and rendering her condition intolerable and life burdensome. The second group complains of the master's failure to find as a fact that the libellant consented to the separation upon the date heretofore mentioned, and in not finding that the letter of May 3, 1919, from libellant to respondent, in which libellant offered to maintain his wife separate and apart from him, was an expression of his consent. Also, that the master erred in concluding that the libellant did not otherwise consent to the withdrawal of his wife; that she had no cause or reason therefor, and that the desertion was wilful and malicious.

A perusal of the evidence, which is of a voluminous nature, does not, in the opinion of the court, disclose such acts as would have entitled the respondent to a divorce upon the grounds of cruel and barbarous treatment and indignities to the person, should she have so charged and filed a libel therefor, and we sustain the master in his finding in that regard: Howe *v.* Howe, 16 Pa. Superior Ct. 193; Ingram *v.* Ingram, 58 Pa. Superior Ct. 522 (1914).

It is well settled in Pennsylvania that it is the duty of the master, appointed by the court and acting as an officer of the court, to see and hear the witnesses, note their demeanor while testifying, and, judging of their credibility, to decide whether or not they are telling the truth. In the present case the master has decided that the testimony offered in behalf of the respondent was not such as would justify her in removing from her husband's habitation on account of his acts. We see no reason to disturb the finding of the master in this regard.

As to the second allegation, that the husband consented to the withdrawal of the wife, the whole "bone of contention" upon the date of the separation seems to hinge upon the fact that there was present in the domicile of the couple at that time a "Mrs. McCarthy," whom the respondent alleges she had there merely "to protect her from the cruel treatment of her husband." Upon the husband requesting this Mrs. McCarthy to remove from his domicile, the respondent replied, "If Mrs. McCarthy leaves this house, I leave it." The libellant then turned to Mrs. McCarthy and said, "You know my wishes." The master was justified in finding that the respondent did at this time, May 8, 1919, wilfully and maliciously desert her husband, and, in so finding,

he has made no error in either fact or law. The respondent left her home after what might be termed unhappy family squabbles had occurred for a period of several months, and she was not justified in so doing. As to the letter of May 3, 1919, it was written before the date of the alleged desertion and the parties resided together thereafter. Subsequent events and the actual leaving of the respondent on May 8, 1919, because Mrs. McCarthy was requested to leave, fully justified the master in disregarding the letter when considering whether or not there had been a wilful and malicious desertion.

Under the facts and circumstances of the case, all of the exceptions are dismissed and the report of the master recommending that a divorce be granted to the libellant is approved.