The matter sub judice was argued before me as vice-chancellor prior to my resignation as such, which took effect *Page 332 
January 15th, 1934. The chancellor, by appropriate order, has designated me advisory master to consider said matter, report thereon to him, and advise as to what order should be made with respect thereto. My consideration of the matter actuates me in determining that the restraint contained in the order to show cause should be continued until the final hearing of the above-entitled cause which is based upon chapter 372 of the laws of 1933 (P.L. 1933 p. 1016) known as "New Jersey Industrial Recovery act." Paragraphs 15, 16 and 17 of the bill of complaint set out alleged violations of the code established under and by virtue of the authority of the aforesaid act. Paragraph 6 of the act vests this court with jurisdiction and discretionary power, at the suit of the attorney-general or by any person or trade association in interest, to prevent and restrain violations of any code of fair competition approved by the president of the United States and filed as provided in section 3 of the act, or approved by the governor of this state and filed as in said act provided, upon bill of complaint being presented to this court therefor. Said section further provides that the approval of any such code by the president, and filed as therein provided, or the approval of any code of fair competition by the governor, as in said section provided, shall be prima facie evidence of the reasonableness and fairness of the provisions thereof. Section 9 provides that if any part or parts of the act shall be held to be invalid or unconstitutional, the validity of other parts thereof shall not thereby be affected or impaired. Section 10 provides: "This act is hereby declared to be an emergency measure necessary for the immediate preservation of the public welfare, peace, health and safety. The reason for such necessity lies in the fact that an acute economic emergency prevails through the United States and this state, and is productive of widespread unemployment and disorganization of industry." The bill of complaint charges that defendants maintain and conduct in the county of Bergen cleaning and dyeing retail outlets at certain street addresses mentioned in the bill. The solicitor of the defendants *Page 333 
urged in argument that the restraint contained in the order to show cause should be discharged; that the aforesaid act should be held unconstitutional; and that complainant's bill should be dismissed. In support of his argument he urged (1) that neither the legislature or governor of New Jersey, or congress or the president of the United States, has the right to fix prices for work done by the defendants and require them to adhere thereto; (2) that said act is unconstitutional because it manifests an unlawful delegation of power by the legislature and an abdication by said body of its legislative function; (3) that said act is invalid because it provides for an unconstitutional delegation of legislative power to the governor; (4) that said act violates the due process clause of the federal constitution; (5) that said act violates the interstate commerce clause of the federal constitution; (6) that the court of chancery has no jurisdiction to restrain the violation of the provisions of said act or of the code established thereunder. The questions thus urged should not be determined in limine. The recent (unreported) case ofWilliam A. Stevens, Attorney-General of New Jersey, v. Blackand White Cleaners and Dyers Service Corporation et al., was before this court on application for an order to show cause why the defendants should not be compelled to comply with the provisions of the code established under the authority of the aforesaid act, and Vice-Chancellor Buchanan therein inter alia
declared:
"It is to be assumed, and will be assumed, on this application, that the legislation is constitutional, not only because that is the ordinary presumption but because of the fact that similar legislation has already undergone the test of scrutiny by the courts and has been declared constitutional. It will be assumed, as it should be assumed upon an application of this kind, that the rules and regulations in the codes which have been adopted and prescribed by the administrative organization are reasonable and legal. * * * The code and regulations adopted under the legislation in question provide an opportunity for any of those affected by that code to apply *Page 334 
for revision or modification of any of the portions or provisions thereof which to them seem unfair, unreasonable, harsh, or for any other reason such as should require modification or revision. * * * It is true that, in the ordinary case, the court of chancery will not impose interim restraint unless the facts show that irreparable damage will enure to the complainant by the withholding of that restraint. If this were a case between two individuals there is no doubt in my mind but that interim restraint should not be granted at this time. This, however, is not a case between two individuals. It is a case between the entire State of New Jersey — between the entire public of this state, and these two or three individuals — perhaps half a dozen or a dozen, if there be others, as counsel have indicated, who are in the same situation and who are taking the same course. But it must be apparent to everyone that the damage which may result to the defendants, if there be any, by reason of the interim restraint, if eventually it should be determined that restraint must be lifted, is a temporary damage; a damage which can continue only for a week, or two or three weeks, and it is not irreparable to them any more than it would be in the case of loss which they would sustain if they had a strike in their place and were prevented from making the profits that they would otherwise make. Certainly it is no more irreparable to them than is the damage which is being sustained by the other persons in this same line of business who are obeying the law and obeying the code and the regulations thereof. And it is obviously unfair to those persons who are obeying the law — persons in this industry, persons in all of the other industries affected by the other codes, unfair that the state, in its endeavor to accomplish a recovery from this economic emergency, should permit these defendants to violate the law. It is essential for the carrying out of the purpose of the legislature in this state that the public shall be convinced that the effort is sincere, is honest, and is thorough, and applies to everyone. To my mind, it is essential in order that irreparable damage shall not be sustained *Page 335 
by the state, and by the general public, that this interim restraint shall go — in order, as I say, that everyone may know that the state is doing everything that it can to insure fairness and generality in the restrictions that are imposed upon all of the persons in industry under these codes; that no one may be permitted to decide for himself that he will obey part and will disobey part. I am considerably strengthened in the conviction that I have in that behalf by reason of the fact that these defendants have been taking to themselves the benefit of these conditions; that they have been receiving the benefit of the trade which has come to them by reason of their display of the N.R.A. insignia. They are advertising to the general public that they are obeying the N.R.A. They have posted the Blue Eagle in their windows and the public has the right to assume from that fact that they are obeying all of the provisions of the code. They say: `We are obeying the provisions of the code — except.' They have not the right to make any exception. If they feel that there is something that should be modified, they have the opportunity, and the right, and the duty, to make application to the Code Authority for modification of the provisions, so that those modifications shall apply to everyone. They have not the right to say: `We will modify these provisions, and we do not care whether other people modify them or not.'"
The observations aforesaid are applicable to the matter subjudice upon the proofs herein, and I am constrained to follow same because thereof. Chapter 372 of the laws of 1933 manifests a public policy of the State of New Jersey to co-operate with the federal government in providing relief against the acute economic emergency mentioned in section 10 of said act, and also to improve standards of labor and working conditions and to require adherence to codes of fair competition in industry and trade, which have been or may be established under the authority of said act. Notwithstanding the assumption declared hereinabove of the constitutionality of the aforesaid statute, momentous questions have been urged herein which should be promptly adjudicated, but, *Page 336 
as stated hereinabove, they may be adjudicated only on final hearing. Counsel should co-operate to bring the above-entitled cause to final hearing as soon as possible. I will advise an order in accordance with the conclusions hereinabove expressed.