## Stevenson, Appellant, *v.* Stevenson.

Argued October 1, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*William T. Connor,* with him *John R. K. Scott* and *Hardie Scott,* for appellant.

*Lewis Tanner Moore,* for appellee.

OPINION BY HIRT, J., February 26, 1943:

The parties to this action in divorce, a mensa et thoro, were married in 1929. The libel filed in 1940 charged respondent with a course of conduct amounting to indignities. Libellant continued to live in their common home for four months after bringing the action.

For eight years respondent had been and, at the time of the hearings, was the pastor of an A. M. E. Church in Philadelphia. There is one son, now living with the wife; the respondent is supporting them under an order of court. There is no evidence of physical abuse. Libellant's complaint is that beginning in 1937 respondent's manner about the house became sullen and that for periods, as long as a week or two, he would refuse to speak to her; that he excluded her from his social life, and on the occasions of two miscarriages, one in 1935 and the other in 1939, accused her of having submitted to abortions.

There is some evidence of an abortion which has support in fact from the circumstances and respondent may have been a passive party to it by supplying the necessary funds to procure it. As to the attitude of respondent toward his wife it is clear that he was not entirely blameless. The libellant also may have been at fault. In 1939 when she was visiting her parents in Atlanta one of her letters to respondent contains the statement: "I accept my responsibility for my part in the misunderstanding."

The marriage was not a happy one, but this is not ground for divorce. *Ingram v. Ingram,* 58 Pa. Superior Ct. 522. Respondent perhaps had acquired a taste for the adulation which he received in his church and found his home life prosaic by comparison. He was

at his best among his parishioners; in his home he was not always considerate. The emphasis in libellant's testimony, in material respects, is not upon facts but on the inferences which she drew from them. Respondent denied that he ignored his wife in the household and that he refused to speak to her. The testimony on this phase of the case leaves the proofs in doubtful balance. He also plausibly explained his conduct on the occasions when the wife complained that she was excluded from his social life. After the separation he tried to effect a reconciliation. In our view, his conduct did not amount to such "studied neglect" of libellant as will support the charge of indignities, justifying a divorce. *Breene v. Breene,* 76 Pa. Superior Ct. 568.

Libellant makes much of an occasion when respondent was given a body massage by three women, members of his congregation. He had been doing manual labor in the church building, preparatory to a dedication service to be conducted by him the following day and was physically exhausted. The women were at least semiprofessionals and the treatment was administered in a bedroom of the home with the door open. Respondent's body was not entirely exposed and the wife was present in the house. She knew that the women were coming to the house for that purpose and she admitted them without protest. There is no suggestion of any improper conduct. The three women were friends of the libellant and their friendly relations continued without interruption. We think the libellant has distorted the significance of this incident.

Our independent conclusion from a careful reading of the record is that libellant's testimony does not rise to clear and satisfactory proof of indignities necessary to justify a decree of divorce. *Daly v. Daly,* 137 Pa. Superior Ct. 403, 9 A. 2d 192.

The order dismissing the libel is affirmed.