Jacobson, Appellant, *v.* Jacobson.

Argued December 6, 1943. Before BALDRIGE, STADT-FELD, RHODES, HIRT, KENWORTHEY and RENO, JJ. (KELLER, P. J., absent).

*A. Samuel Buchman,* for appellant.

*Herbert L. Floum* and *Herman Weiner,* submitted a brief for appellee.

OPINION BY RHODES, J., March 3, 1944:
The master recommended that the libel in this divorce

action be dismissed; after exceptions had been filed to the report of the master, the court below dismissed the libel. The libellant has appealed.

The parties were married on April 2, 1939, in the city of Philadelphia, where they had previously resided. In that city they lived together until October 31, 1939, a period of approximately seven months. Prior to their marriage both parties had been engaged in the dress business. Before their marriage, for a time respondent had been employed by libellant. During this period libellant became indebted to respondent, largely by pawning her jewelry. It was arranged that, after their marriage, a dress shop would be opened, which respondent would manage while libellant would sell dresses on the outside. A lease for a property was taken in respondent's name because of libellant's previous financial difficulties.

Libellant charged respondent with the use of vile language, threats of bodily harm and other unbecoming conduct. It is unnecessary for us to relate in detail libellant's testimony relative to these charges. All of them were denied or an explanation was given by respondent. On the other hand, she testified that libellant frequently beat her and on two occasions she was obliged to have him arrested, that he called her vile names, that he was frequently intoxicated, and that he unjustly accused her of appropriating the proceeds of their business. Libellant made denial of these counter charges, and testified that, "I could say most of the arguments started on account of money." It is argued on behalf of libellant that respondent's testimony was rambling, inconsistent, uncorroborated, and untruthful. We find no reason to consider the testimony of respondent less worthy of belief than the testimony of libellant. The material matters concerning which both testified had but little corroboration, and most of the 700 pages of testimony was of no value to either side.

Consequently, on the basis of their respective testimony, it cannot be said that there was more than an even balance of the evidence. It is obvious that both parties were to blame for their marital troubles. Neither had any monopoly on good conduct. Both had resorted to calling in the police. However, the burden was on libellant to prove his case by clear and satisfactory evidence, with a preponderance thereof in his favor. It must also clearly appear that libellant was the innocent and injured spouse. There was no such corroboration of libellant's testimony or convincing circumstances which would warrant us in disregarding the contradictory evidence of respondent and her witnesses. There was corroboration that libellant called respondent and her family vile names, and that he had a contemptuous attitude toward respondent and unconcern for her. We are convinced from our examination of the voluminous record that respondent was not blameless, but we are equally convinced that libellant was not an innocent spouse, and that he is not entitled to a divorce on the ground of indignities to his person.

We have said that, as to the credibility of witnesses, the report of the master, who saw and heard the witnesses, while not controlling upon the court below or upon this court should not be lightly disregarded. *Briggs v. Briggs,* 145 Pa. Superior Ct. 460, 463, 21 A. 2d 415. The master in his report has summarized the testimony of each witness, and concluded that libellant had failed to prove his case by clear and satisfactory evidence, and that there was no preponderance of the evidence in his favor. With this the court below agreed. We think the master has very well said that they regarded their marriage more in the light of a business partnership than a marital relationship; that when their business venture did not develop as successfully as planned libellant endeavored to solve his problem by opening another store next door to that operated

by him and respondent, and that the basic cause of their marital difficulties was disputes arising over the ownership and management of their business.

Decree is affirmed, at cost of appellant.