Glick *v.* Glick, Appellant.

Argued October 5, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Edward I. Weisberg,* for appellant.

*Arthur M. Soll,* for appellee.

OPINION BY GUNTHER, J., November 15, 1951:

The master recommended a divorce on the ground of indignities. The court below dismissed exceptions, entered a decree and the wife-defendant has taken this appeal.

Plaintiff testified that the difficulties between the parties arose in part from the inability of the defendant to engage in normal intercourse because of the physical malformation of defendant's genitalia; that because of this physical condition defendant made per-

sistent demands upon plaintiff to engage in unnatural intercourse; that plaintiff at all times refused to accede to defendant's demands; that he was under the care of a doctor for a nervous condition caused by his wife's unnatural demands. Plaintiff also testified that his wife refused to clean the house or prepare meals; that she ordered plaintiff to sleep in the cellar or basement to make room for defendant's sister; that shortly thereafter defendant and her sister set upon a course of treatment designed to harass and annoy plaintiff by turning on the spigots, constantly flushing the toilet; that she went about the house carrying a hatchet threatening him; that once while the plaintiff was shaving in the basement defendant pushed his arm and called him vile names; that the day before the parties separated defendant, accompanied by her brother, sister and her sister's boy friend, walked into the plaintiff's basement bedroom and beat him up; that on the day of the separation, when plaintiff returned from work he found his furniture and clothes removed from his home; that the following day he was arrested by his wife and charged with adultery with a Mrs. Dove, a tenant in the residence of the parties.

Plaintiff was corroborated in many respects by four disinterested witnesses. Edward Gausman, a neighbor, testified that he saw the plaintiff come out in the driveway of his home at 1:00 a.m. on August 9, 1949, and scream for help, yelling for a policeman. Mrs. Dove testified on behalf of the plaintiff that the defendant had confided in her that she, the defendant, had never had intercourse with her husband; that Mrs. Dove had been in their apartment on several occasions and observed that defendant had neglected the housekeeping and cooking. Mrs. Dove vehemently denied any improprieties between the plaintiff and herself and testified that plaintiff had been in her apartment on only two occasions, and then only for short visits. Plaintiff also

testified that after the separation on October 18, 1950, defendant attacked the plaintiff and called him vile names as he was talking to a friend. As to this latter evidence, in *Martin v. Martin*, 157 Pa. Superior Ct. 538, 542, 543, 43 A. 2d 637, it was said: "Evidence of what occurred after the separation and filing of the libel was relevant for the purpose of shedding light upon the nature of the atmosphere existing while the parties lived together, and discloses a continuation of the humiliation and incivility to which libellant had been subjected from the beginning of his married life."

Defendant flatly denied plaintiff's testimony and contends that the marital difficulties of the parties began when Mrs. Dove rented an apartment in the parties' residence; that plaintiff paid an inordinate amount of attention to Mrs. Dove over the defendant's remonstrances; that she had caught her husband in Mrs. Dove's apartment several times; that she wanted Mrs. Dove removed from the apartment but plaintiff refused.

The case is one wherein credibility of the parties is the very crux of the litigation. Where the truth lies must be garnered from the observations and findings of the master and the court below, in addition to what our own independent examination of the record reveals. It is true that a master's findings are advisory only, but where credibility is the pinch of the case his findings in that regard are to be given fullest consideration. He is afforded an opportunity denied us of observing the demeanor of the witnesses as they testify together with other indicia of credibility. *Smith v. Smith*, 157 Pa. Superior Ct. 582, 43 A. 2d 371. The master recognized the obligation which this decisive conflict of the testimony cast upon him. In his able report he analyzed the testimony and stated adequate reasons which moved him to find truth in plaintiff's testimony and to accept his version of the marital life

of the parties. The court below also was so persuaded. We cannot assert that the master's appraisement of credibility was erroneous. Relying upon his judgment of credibility and the approval of it by the court below, we have examined and studied the testimony in that light. Our independent examination of its probative value has confirmed the conclusions reached by the master and the learned court below.

Decree affirmed.