## Coon *v.* Coon, Appellant.

Argued November 12, 1952. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross and Gunther, JJ. (Arnold, J., absent).

*F. Lyman Windolph*, with him *Paul M. Strack* and *Windolph & Johnstone*, for appellant.

*John Milton Ranck*, with him *Herbert S. Levy* and *Appel, Ranck, Levy & Appel*, for appellee.

Opinion by Hirt, J., March 17, 1953:

The parties were married in 1920. Twenty-nine years later, on July 14, 1949, the husband without warning left his wife in their home in North Plainfield,

New Jersey. He had been transferred to Lancaster by his employer and he has lived there since the separation. In July, 1950, he brought this action in divorce, charging cruel and barbarous treatment, and indignities. The parties have one son, now adult, who lives with his mother. Both the master and the lower court found the charge of indignities sustained by plaintiff's proofs and a decree of divorce was entered on that ground alone. We are not unmindful of the confidence with which we are to view the findings of the master and yet we are in disagreement with him and with the lower court in some instances as to credibility and in others as to the significance of proven facts on which the plaintiff relies. Admittedly the charge of cruel and barbarous treatment has not been sustained and if we are to give effect to the rule, so often relaxed if not wholly ignored, that a divorce may not be granted save for imperious reasons, we must conclude that this plaintiff has not met the burden upon him of proving a course of conduct sufficient in law to constitute indignities. Plaintiff's testimony except as to two relatively unimportant incidents stands alone; it has been denied and contradicted by the wife in material respects resulting at best in no more than a doubtful balance of evidence. *Esenwein v. Esenwein,* 105 Pa. Superior Ct. 261, 161 A. 425, affirmed in 312 Pa. 77, 167 A. 350. Moreover, there is some corroboration of defendant in the testimony of her witnesses.

Since the marriage plaintiff has had a responsible position with the Sperry Gyroscope Company or one of its subsidiaries. In 1928 the parties moved to North Plainfield, New Jersey, where they made their home and where the defendant still lives with their son in a house built by plaintiff in 1940. Title to the property is in both parties by entireties. During the past 10 years plaintiff's business took him away from his

home much of the time. And in that period and until 1946 he had little control over the time he could spend with his family. In 1946, however, he was assigned by his employer to fixed employment in a subsidiary company on Long Island. From that time until the final separation in 1949 he lived alone in a rented room in Garden City near his work and returned only on week-ends to his home in North Plainfield. The wife's conduct, of which he complains, in our view is that of a lonely woman, and since 1946, of a neglected wife. Plaintiff attempts to justify his failure to take the defendant with him to Long Island, beginning in 1946 on the ground that his employment there was but temporary although he never invited her to join him at any time during his term of employment there of more than two years. Even when home on Saturday and Sunday of each week, or on Sunday only, he spent much of his time on the golf course as a member of a foursome of enthusiasts who played the game at every opportunity.

The burden was on the plaintiff to sustain the charge of indignities by proof of a course of conduct. The fact that plaintiff has not overlooked any incident of their married life which tended to support the charge is not without significance. And the cumulative effect of his testimony as a whole is considerably diluted by the recital of incidents many of them trivial, extending back over a period of 26 years or more. For example, plaintiff complained of his wife's attitude and conduct toward their neighbors, and his relatives early in their married life. The fact that she was out of step with his mother and tactlessly may have offended his aunt in refusing proffered services do not support the charge. A wife at her peril is not bound to establish a congenial relationship with her husband's relatives. *Othmer v. Othmer*, 158 Pa. Superior Ct. 384,

45 A. 2d 389. Moreover, this testimony of her altercations with neighbors, even if accepted as true in the face of her denials, does not prove indignities. In passing it may be noted that a number of neighbors testified in her behalf before the master, to the effect that she ran her house well and that they never observed anything to criticize in her conduct.

Plaintiff complains that defendant "on at least twenty-five occasions during the period 1940-1949" falsely accused him of marital infidelity. He does not contend, and there is no evidence, that the accusations were made in the presence of others. He admits rouge stains on his clothing for which he was responsible but only from "innocent contact with female guests" principally at company parties which he attended alone. Defendant referred to other lipstick stains for which he disclaimed responsibility. She testified that her suspicions of his misconduct with women was first aroused by gossip which she had heard. She denied that she accused him of infidelity but stated that she did entreat him to tell her if there was another woman. She had testified that plaintiff, some years before, had told her that he had ceased to have affection for her and his attitude toward her credits the statement. Marital relations had ceased two years before the final separation. Charges of infidelity, though false, do not constitute indignities under all of the circumstances in this case since defendant's suspicions were reasonably aroused. *Thornton v. Thornton,* 168 Pa. Superior Ct. 391, 77 A. 2d 691.

Plaintiff complains of his wife's frequent threats to commit suicide. She does not deny the charge and admits one feigned attempt. These threats were prompted by her unhappy lot and not from malevolence as a motive, merely to harass the plaintiff. As to similar threats, Mr. Chief Justice STERN, then a judge of

the common pleas, in *Gabriel v. Gabriel,* 3 D. & C. 607, 609, said: "An attempt at suicide would seem to indicate that the person who resorts to it is, in his or her own belief, hopelessly unhappy, and such an attempt must be viewed with sympathy rather than as a grievance or wrong to another or others. It would appear more natural to suppose from the fact that it was the wife who sought to commit suicide that the husband was making her life unhappy rather than that it was the respondent who was impairing the happiness of her husband". The language is equally applicable here. Cf. also, 1 Freedman on Divorce, §324.

We are unable to accept at face value plaintiff's testimony that defendant threatened his life with a carving knife during an evening some time in 1925 and again in 1946 with their son's service revolver. She has no recollection of the first incident and it is significant, indicating that plaintiff had no grounds for fear of injury from her that they shared the same bed that night. As to the second charge plaintiff testified that defendant confronted him with an article of his clothing, a handkerchief or a shirt, stained with lipstick and said: "I am going to get your son's service gun and I am going to shoot you with it". No gun was produced by her and there is no evidence that there was a gun in the house. Defendant categorically denied the alleged threat.

Plaintiff attempts to make much of an incident which occurred in the afternoon of a Sunday in June 1949 when he was home for that one day only, instead of a full weekend. On that occasion he had agreed to forego golf and spend the day with the defendant and take her for a ride in his car. She was waiting for him when he came home. Instead of keeping his engagement with her he went to Elizabeth N. J. with his son to look at an automobile which the son was interested

in buying and did not return home until midafternoon. He testified that defendant then berated him with profanity for his lack of consideration for her. We cannot say that her verbal abuse of plaintiff was undeserved. She had looked forward to a day with her husband and was deeply disappointed when deprived of it. This incident on which plaintiff places much emphasis, cannot be accepted as evidence of indignities. His neglect of his wife invited the act of which he complains and to this extent he was not an injured and innocent spouse. Cf. *Priest v. Priest,* 162 Pa. Superior Ct. 232, 237, 57 A. 2d 437. The same may be said of other incidents on which plaintiff relies which occurred after he went to Long Island.

The defendant was not entirely blameless. With some candor she admits "some sort of a temper" and that "she might have cursed a bit" on occasion. But the credible evidence does not manifest that hate and estrangement on her part toward her husband, which is essential to proof of indignities. *McKrell v. McKrell,* 352 Pa. 173, 182, 42 A. 2d 609. And the fact that the marriage is not a happy one is no ground for divorce. *Stevenson v. Stevenson,* 151 Pa. Superior Ct. 578, 30 A. 2d 675.

Decree reversed and complaint dismissed.