Van Houten *v.* Van Houten, Appellant.

30

Argued March 3, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Irving L. Epstein,* for appellant.

*R. W. Trembath,* with him *John B. Farr* and *Trembath & Farr,* for appellee.

OPINION BY GUNTHER, J., July 14, 1953:

The appellant is the defendant in an action for absolute divorce instituted by his wife. The parties were married in May, 1946; they were separated from June to December, 1949, and then resumed their marital relations which lasted until June 11, 1952, the date of their final separation.

During the period following their resumption of marital relations and cohabitation, the appellee testified that appellant abused her verbally by calling her vile names, accusing her of associating with other men and having venereal disease. The divorce in this case was brought

during the first separation but the hearing before the master did not take place until after the second separation. The master recommended an absolute divorce on the ground of indignities and cruel and barbarous treatment. The court below entered a decree of divorce on the single ground of indignities.

The testimony of the appellee shows that during the greater part of this marriage, the appellant constantly heaped verbal abuse on her. On several occasions, he blocked her car in the driveway so that she was unable to drive to church, and again on another occasion when she wanted to have an X-ray taken, he did the same. He told the appellee that she was "crazy" and that he was going to have her committed to Danville. In addition to cursing her friends and associates, he also cursed her minister in abusive manner.

The evidence is replete with instances of that type of continuous abusive conduct indicating the settled dislike and estrangement which we have so often held to constitute the ground of indignities. Although defendant denied most of these accusations, the master found as a fact that the plaintiff was the credible party. Although the master's findings are advisory only where credibility is the crux of the case, the findings in that regard are to be given the fullest consideration. *Glick v. Glick*, 170 Pa. Superior Ct. 142, 84 A. 2d 248. After a thorough examination of the record we independently so conclude. It is unnecessary to list here all the details of evidence offered in this case. Suffice it to say that our examination indicates that there is plentiful evidence to support the decree of the court below granting a decree on the ground of indignities. Appellant offers no factual arguments whatsoever to refute this conclusion.

Rather, appellant rests his appeal on the defense of condonation. While appellant admits that condonation is no legal defense to a divorce on the ground of indig-

nities [*Klimkosky v. Klimkosky,* 167 Pa. Superior Ct. 116, 74 A. 2d 497], he maintains, properly, that the resumption of marital relations after alleged indignities is a factor to be considered in determining whether the course of conduct complained of really made plaintiff's life intolerable and burdensome. However, evidence of what occurred after the separation and filing of the libel is relevant to shed light on the prior existing conditions. *Glick v. Glick,* supra, *Fawcett v. Fawcett,* 159 Pa. Superior Ct. 185, 48 A. 2d 23, *Martin v. Martin,* 157 Pa. Superior Ct. 538, 43 A. 2d 637. Plaintiff testified that her husband acted very well for about two weeks after resumption of cohabitation but then resumed his prior habits of abuse, threats and accusations. Coupled with his conduct prior thereto, this evidence fully supports the conclusion that he felt settled disdain and contempt for plaintiff. We see no call to punish plaintiff for what appears to have been a bona fide attempt on her part to give him another chance to make a successful marriage. *Mathias v. Mathias,* 114 Pa. Superior Ct. 444, 174 A. 821, cited by appellant is not analogous. There the reconciliation was reasonably successful and the later evidence did not so strongly corroborate the misconduct prior to the separation. Also, the court in that case was convinced that both parties were at fault in any event. Here we find that appellant's misconduct was unprovoked and continuous.

Decree affirmed.