Wasson, Appellant, *v.* Wasson.

Argued September 30, 1954. Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN,
JJ.

*J. Banks Kurtz,* for appellant.

*Amos Davis,* for appellee.

OPINION BY WRIGHT, J., November 9, 1954:

Roy Glenn Wasson instituted a divorce action
against his wife, Margaret Wasson, alleging cruel and
barbarous treatment and indignities to the person. The
Master recommended that a divorce be granted on the
latter ground. The court below sustained exceptions
filed by the wife, and dismissed the complaint. This
appeal followed. We are required to consider the evi-
dence de novo, pass upon its weight and upon the credi-
bility of witnesses, and reach an independent conclu-
sion upon the merits as to whether a legal cause for
divorce has been well established: *Starr v. Starr,* 134

Pa. Superior Ct. 497, 3 A. 2d 939. Our conclusion is that the case was properly decided by the lower court.

The parties were married on October 10, 1933, in the Presbyterian Church at Ebensburg, Pennsylvania. They lived together first in Williamsburg, and finally in Altoona, until September, 1950, when appellant left to take up a separate residence. His position is that, commencing in November, 1939, his wife embarked upon a continuous course of abusive conduct indicating settled hate and estrangement. The indignities complained of consisted of unfounded accusations of infidelity, vile and opprobrious language, threats of violence, constant nagging, staying out late at night, personal slovenliness, and inefficient housekeeping.[1] Appellant adduced independent testimony that his wife was a poor housekeeper, that she accused him of improper relations with other women, and that she called him obscene names. However, the record shows that appellant was not without fault. As pointed out by the court below, "The married life of these parties was a rather stormy one, yet obviously brought about by the conduct of both parties".

Appellee's position is that she and her husband got along well until he commenced to "drink and run around". There can be no question that appellant was addicted to the use of intoxicants, and that he sometimes admittedly had "too many drinks". Appellee testified that on these occasions appellant would swear at her and abuse her physically. And there is testimony to support appellee's belief that her husband was not entirely faithful. The letter[2] from "Pat" or "Baby" was not without significance in the light of the cir-

---

[1] This constitutes an indignity if done intentionally. See *Matovcik v. Matovcik*, 173 Pa. Superior Ct. 267, 98 A. 2d 238.

[2] Defendant's Exhibit 1.

cumstances, which need not be here detailed. Coupled with frequent telephone calls and appellant's forcible repossession of a similar letter, it constituted reason for suspicion. See *Parcella v. Parcella,* 165 Pa. Superior Ct. 218 67 A. 2d 576.

Both parties spent a considerable portion of their leisure time at a social club in which appellant held membership. One incident growing out of appellee's visits to the club was particularly stressed by appellant as causing him public embarassment and humiliation. On an evening in October, 1949, after spending several hours at the club, appellee started upon a trip to Johnstown with another man in a truck. The truck was wrecked and appellee was injured and placed in a hospital. The evidence concerning this trip came wholly from appellee and her witnesses. If they are to be believed, appellee understood that a group of persons was to make the trip. It was not until after she had gotten in the truck that she discovered that the driver was not stopping to pick up the rest of the party. She protested all the way, but could not get out of the truck. Appellee testified that the driver made improper advances to her which she repulsed, and that he thereupon became angered and wrecked the truck. In the words of President Judge KLEPSER: "There is no evidence whatsoever of any improper conduct on the part of the Defendant in making this trip. The whole affair was a hoax and a deception performed upon the Defendant and it is significant that the Plaintiff did not show much concern as to the welfare and condition of the Defendant as a result of this accident. He, in fact, accepted damages as a result of her injury and it was at that point that he decided to make use of the incident in pressing his suit for divorce".

The Commonwealth is a party to all divorce proceedings, and a decree of divorce must be founded upon

compelling reasons, and upon evidence that is clear and convincing: *Glass v. Glass,* 164 Pa. Superior Ct. 118, 63 A. 2d 696. A divorce may not be granted save for imperious reasons: *Coon v. Coon,* 173 Pa. Superior Ct. 60, 95 A. 2d 344. Indignities provoked by the complainant are not ground for divorce unless the retaliation was excessive: *Welsh v. Welsh,* 142 Pa. Superior Ct. 421, 16 A. 2d 672; *Celia v. Celia,* 164 Pa. Superior Ct. 569, 67 A. 2d 447. It must clearly appear that the plaintiff is the injured and innocent spouse: *Jacobson v. Jacobson,* 154 Pa. Superior Ct. 449, 36 A. 2d 189; *Wilson v. Wilson,* 163 Pa. Superior Ct. 546, 63 A. 2d 104. Where both parties are almost equally at fault, so that neither can clearly be said to be the injured and innocent spouse, the law will not grant a divorce to either: *Harding v. Harding,* 156 Pa. Superior Ct. 438, 40 A. 2d 869.

Appellant's distinguished counsel vigorously contends that credibility is the crux of this case, and urges that the findings of the Master in that regard be given the fullest consideration, citing inter alia *Glick v. Glick,* 170 Pa. Superior Ct. 142, 84 A. 2d 248; *VanHouten v. VanHouten,* 174 Pa. Superior Ct. 29, 98 A. 2d 397; and *Smith v. Smith,* 157 Pa. Superior Ct. 582, 43 A. 2d 371. However, the law does not confer upon a Master in Divorce the same power as an Auditor or a Master in Equity, nor does it give his findings of fact and recommendations the same force and effect, and his report does not come to the courts with any preponderating weight on authority which must be overcome: *Rinoldo v. Rinoldo,* 125 Pa. Superior Ct. 323, 189 A. 566. The recommendations and observations of the Master are worthy of the fullest consideration, but do not control our appraisal of the weight and credibility of the testimony: *Friess v. Friess,* 156 Pa. Superior Ct. 38, 39 A. 2d 151. Undoubtedly this has

been an unhappy marriage, but that fact of itself furnishes no basis for the granting of a divorce: *Oliver v. Oliver*, 172 Pa. Superior Ct. 600, 94 A. 2d 124.

The decree dismissing the complaint is affirmed.