Danniballe, Appellant, *v.* Danniballe.

Submitted November 16, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Michael C. Rainone,* for appellant.

*Americo V. Cortese,* for appellee.

OPINION BY HIRT, J., January 14, 1955:

The lower court, in this divorce case brought on a charge of indignities, sustained the defendant's exceptions to the master's report and dismissed the complaint. Because of a serious doubt as to proof of the charge which persists after consideration of the whole record, we are unable to say that the plaintiff has made out a case by that clear and satisfactory evidence necessary to a decree in divorce. Cf. *Philo v. Philo,* 154 Pa. Superior Ct. 563, 36 A. 2d 833. The order will be affirmed.

The parties were married on May 6, 1950. It was a fourth marriage for the plaintiff and a second for

the defendant. None of the prior marriages however terminated in divorce. At the time of the hearing before the master the plaintiff was 79 years of age and the defendant 57. She left him about January 1, 1953. Since then he has continued to occupy rooms in the house, owned by her, which had been their common home. Defendant was a machine operator in a laundry, with wages of a laborer, but whatever he earned he gave to his wife each week. And even since the separation he voluntarily has paid her each week an amount which on the average is materially in excess of the rental value of the rooms which he occupies.

The plaintiff complained of alleged abuse beginning about one month after the marriage, consisting in accusations of marital infidelity. She also said that on 5 or 6 occasions during their married life, beginning 3 or 4 months after the marriage, when drunk he would grab her by the throat and spit in her face. The advanced age of the plaintiff in itself casts doubt on her testimony that her morals were actually impugned. And she stated that he never called her names in the presence of others. Her attitude toward her husband while they lived together and even after the separation indicates rather convincingly that the other acts complained of, did not evidence such hate and estrangement (*Coon v. Coon*, 173 Pa. Superior Ct. 60, 95 A. 2d 344) and a *course* of conduct on the part of the defendant as in contemplation of law will justify a decree of divorce on the ground of indignities. More than one year after the marriage (the date is not definitely stated) the plaintiff voluntarily paid off a mortgage of $1,200 against a property owned by her husband. She said she intended it as a gift to him, although she did accept monthly rentals from the property for one year thereafter amounting in all to about $500. After the separation plaintiff on her own ad-

mission prepared her husband's meals and ate with him. The extent to which she continued to supply him with food is disputed but on her deposition taken as late as June 10, 1953 (more than two months after her complaint was filed) in answer to the question: "Did you last night have dinner with your husband?" she answered: "That is no one's business. He is still my husband. When he is no longer my husband, then I will not eat with him again. He does not sleep with me. He lives in my house, but he eats with me. I am not going to tell no lies. When I have gotten what I want then he is no longer my husband." The defendant testified that his wife had put a For Sale sign on his house and that she left him when he indicated that he would not agree to sell the property. Her conduct is corroborative to some extent of the defendant's testimony that this was the cause of the separation.

Both parties are foreign born and although they have been in this country for more than 40 years they are illiterate. There are many contradictions and inconsistencies in the plaintiff's testimony which impugn her veracity and which cannot be attributed to the fact that she could testify only through an interpreter. Counsel on both sides understood Italian and it may be assumed that any errors of the interpreter in translation would have been corrected by them for the record. She attributed her failing health to his treatment of her but failed to consider her advancing years as a factor. Although she complained of his treatment of her she was still fond of him and was providing him with food at the time of the hearing. At the hearing before the master, referring to the weekly payments which he continued to make, she said: "If he does give me more [than the rent for his rooms], I make purchase for him, and cook for him. Otherwise how would he eat?"

From a consideration of the entire record in this case we find ourselves in substantial agreement with the following from the opinion of Judge FLOOD in disposing of this case: "All that we have here is very vague testimony as to accusations of infidelity without giving times or any specific details as to persons involved; the calling of names on unspecified occasions and five or six occasions on which defendant grabbed plaintiff by the throat and spat at her. The last is the only accusation which is not made in vague terms. The husband denies it as he denied the other accusations. She testified that the violence occurred when he was drunk and accusations as to infidelity were also made when he was drunk. But the testimony about drunkenness is also inconclusive. Her corroborating witnesses were quite unimpressive. One of them, her brother, testified to a great deal more than the plaintiff herself did and obviously intended to paint the defendant black without regard to the truth. A second, her daughter, was very little help to her. The third witness testified merely by way of rebuttal to what happened after the plaintiff left the common domicile. Unpleasant as the physical incidents may have been to her, we do not think that the evidence of five or six such incidents over a period of three years establishes a course of conduct such as is required to sustain a divorce decree on the ground of indignities. Except for name calling the incidents were sporadic rather than continuous. The testimony on the name calling is extremely vague and we cannot found a decree upon it."

Order affirmed.