Ghent, Appellant, *v.* Ghent.

Argued November 10, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Barney Phillips,* for appellant.

*Robert X. Medonis,* with him *Martin E. Geary,* for appellee.

OPINION BY HIRT, J., December 17, 1959:

The parties, now in their late forties, were married in 1933; they separated in 1952. This divorce action, brought by the husband on a charge of indignities was tried before Judge KENNEDY without a jury. After argument of counsel and consideration of the transcribed testimony the complaint was dismissed by the court and a divorce refused. We are in entire accord with this disposition of the case; the opinion supporting that action contains a discriminating review and evaluation of the testimony and we need make but a general reference to it. The burden on this plaintiff (*Danniballe v. Danniballe*, 177 Pa. Superior Ct. 334, 110 A. 2d 854) of making out a case by clear and satisfactory evidence has not been met. On the issue of credibility the trial judge (whose conclusion is entitled to respect, *Weber v. Weber*, 156 Pa. Superior Ct. 6, 39 A. 2d 144) properly refused to give credence to the testimony of an only and all-too-willing witness produced by the plaintiff, to corroborate him in support of the charge. The disbelief of this witness at most left the proofs in doubtful balance which in itself justified a dismissal of the complaint. *Coon v. Coon*, 173 Pa. Superior Ct. 60, 95 A. 2d 344.

The plaintiff rested his proof of indignities principally upon alleged excessive drinking by the defendant and her resulting conduct toward him. The weight of the testimony does not support the aspersion. There is credible testimony of two nurses who had the opportunity of observing defendant's conduct in her home over a considerable period while caring for her mother. Their testimony is that the defendant was a very moderate drinker of beer, and they never saw her under the influence of alcohol. The plaintiff on the other hand frankly admitted that he drank to excess to the degree of intoxication every weekend. The testimony demonstrates that the plaintiff condoned, if he did not

actually encourage, whatever drinking the defendant indulged in and what we said, as to a similar situation in *Hunter v. Hunter,* 169 Pa. Superior Ct. 498, 504, 83 A. 2d 401, therefore is applicable. Plaintiff on that phase of the case certainly was not an injured and innocent spouse. And even if both parties were equally at fault which our independent review of the record does not demonstrate we would leave them where they put themselves. Cf. *Goshorn v. Goshorn,* 163 Pa. Superior Ct. 621, 63 A. 2d 135; *Benny v. Benny,* 167 Pa. Superior Ct. 227, 74 A. 2d 782.

The case was properly decided in the court below.

Decree affirmed.