Walter Raleigh *v.* George H. Earle, Jr., Sidney F. Tyler, Francis I. Gowen, George B. Kirkbride, and Nicholas Thouron, as members of the Reorganization Committee of the Choctaw Coal and Railway Company, and also individually, Appellants.

*Corporations—Reorganization—Discretion of reorganization committee —Extension of time to agree to reorganization plan.*

Where the reorganization committee of a corporation has the discretionary power to extend the time to a stockholder to sign the reorganization agreement, and has also the power to delegate this discretion to its chairman, and the chairman in the exercise of the power delegated to him orally extends the time to a stockholder, such stockholder has the right, even after the expiration of the time limited in the agreement, to join in the reorganization plan and to participate in its benefits.

Argued Jan. 26, 1896. Appeal, No. 318, Jan. Term, 1897, by George H. Earle, Jr., et al., from decree of C. P. No. 2, Phila. Co., June T., 1894, No. 1428, on bill in equity. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Bill in equity against a reorganization committee of a corporation to permit the plaintiff to participate in the benefits of the reorganization plan.

PENNYPACKER, P. J., filed the following opinion:

And now, to wit: February 1, 1896, the court find the facts as follows:

1. In the month of June, 1894, the Choctaw Coal and Railway Company was in the hands of Francis I. Gowen, one of the defendants, as receiver, under appointment by the United States Court for the Indian territory, in the second judicial division for that territory.

2. At that time there were outstanding notes of the company amounting to about $2,214,000, secured by mortgage bonds of the company, upon which there were arrears of interest of about $450,000, and indebtedness of the receiver amounting to about $1,000,000.

3. Under date of June 31, 1894, the defendants issued a prospectus and agreement and plan of reorganization, of which a correct copy is annexed to the bill of complaint as exhibit "A." The committee of reorganization consisted of George H. Earle, Jr., chairman; Sidney F. Tyler, Francis I. Gowen, the receiver, George B. Kirkbride, and Nicholas Thouron. Copies of the prospectus and plan were sent to all of the stockholders of record, and notice was given by advertisement in the daily newspapers that security holders were required to accept its provisions on or before July 21, 1894. By its terms it was provided that "the nonacceptance of this plan by the holders of securities within thirty days from the date will exclude such holders from all right of participation in the reorganization, which will then be brought about at the discretion of the committee by immediate sale or foreclosure under the receiver's certificates, and only for the benefit of those who have deposited their securities, and for those who have agreed to subscribe in the place of nonassenting creditors and stockholders."

4. All of the noteholders of the company and the holders of about seventy-two thousand shares out of a total of seventy-five thousand shares of the capital stock became parties to the agreement before July 21, 1894, and under date of July 17, 1894, a petition by the holders of the certificates of the receiver for the sale of the property was presented to the court in the Indian territory. Upon the presentation of the petition a decree nisi for the sale of the property was entered, and on September 8, 1894, the property was sold at public sale by the

special master commissioner to the committee, for the sum of
$3,500,000, which was subsequently confirmed and the deed
made to the committee.

5. The committee caused a corporation to be organized under·
a special act of congress, approved August 24, 1894, and exe-·
cuted and delivered a deed of conveyance for the property pur-·
chased by them to the new corporation, organized under the name·
of the Choctaw, Oklahoma and Gulf Railroad Company, and fur-·
ther caused new securities to be issued, applying $1,000,000·
prior lien mortgage bonds to the payment of the indebtedness·
of the receivership, and issuing new bonds to the creditors of·
the company at par for the face of their indebtedness, and at.
ninety per cent for the amount of their assessments, and cer-
tificates of stock to the stockholders of the old company who·
had become parties to the plan. The creditors were required
to contribute in assessments an amount equal to one third of·
their respective debts, and the stockholders to contribute at the·
rate of $10.00 per share.

6. By section 5 of the plan of reorganization it was provided
that the committee "may limit the time of acceptance of the
foregoing plan by each and every class of stockholders, bond-
holders, or other creditors, and they may extend the time in
their discretion." By the ninth section they are authorized to·
"supply defects and omissions in said plan necessary in their
opinion to carry it out properly and effectively, and they shall
be the judges of such necessity." By the tenth section they
are authorized "to delegate any necessary authority as well as·
discretion" to agents.

7. It appears from the evidence that the discretion vested in
the committee to extend the time for the acceptance was exer-
cised by George H. Earle, chairman, and Nicholas Thouron, one
of the committee, with the consent of the committee, and cer-
tainly without objection on the part of the other members, in
certain cases which seemed to justify the extension; for exam-
ple, in the case of absence from the city of the person inter-
ested, and for the correction of mistakes.

8. The plan does not provide for a written acceptance of its
terms by security holders, and the practical construction of its.
meaning was that a written acceptance was not required.

9. In July of 1894 the plaintiff was the owner of twelve hun-·

dred shares in the company.   On July 19, before the expiration of the time allowed for assent, he went to Europe, and he returned on August 27 or 28.   Before going away he had received notice of the proposed plan.

[10. From July 10 to July 18, Joseph P. McCullen, counsel, for the plaintiff, had several interviews with George H. Earle, Jr., chairman of the committee.   McCullen testifies that Earle gave him to understand "that my client would have an opportunity to come in later;" that "I asked him especially in reference to foreclosure, and told him if I felt the road was to be foreclosed I would advise the client to raise the money, although it would embarrass him.   I told him that Mr. Raleigh did want to go in, and that was made clear and explicit;" and that in the final interview, July 18 or 19, Earle said, "Joe, that will be all right."   Earle is less certain in his recollection.   He does not deny these specific allegations.   He finally testified that the interview with McCullen did occur, that he was certain it happened after the time for acceptance had expired, and that he advised McCullen that he "should come in, even if he had to sell part of his stock to do so."   In a certain sense this is a corroboration of the testimony of McCullen, because if he is giving a conversation which occurred after the expiration of the time for acceptance, and he then advised his friend to sell a part of his stock and come in, it must have been because he then understood that the right of the complainant had not expired.   Such advice is conceivable only upon the theory that as to him the time had been extended.   It is, therefore, found as a fact that Earle agreed with McCullen to extend the time for the acceptance by the complainant.] [1]

[11. On August 29, within a reasonable time after his return from Europe, before the sale, and before the time had arrived for the payment of the first assessment, the complainant tendered his stock and was refused.   Before September 8, the date fixed for the payment of the first assessment, he tendered his assessment and was refused, with a waiver of subsequent tenders.] [2]

### CONCLUSIONS OF LAW.

[1. The committee and George H. Earle, Jr., as its chairman, in view of the course of procedure in other cases, had the author-

ity to extend the time allowed to the complainant within which to accept.] [9]

[2. Forfeitures are not looked upon with favor, and under the facts of this case it would be inequitable to exclude the complainant from the benefits to be derived from participation in the plan of reorganization.] [10]

[3. Whether the effect of the conversation between McCullen and Earle was that there was at the time a verbal acceptance on the part of the complainant of the plan in contemplation, or whether it was an extension of the time within which he might determine to accept or refuse, the result is the same.] [11]

The court entered the following decree:

And now, to wit: July 12, 1897, the above-mentioned cause having come on to be heard upon bill, answer and proofs, and upon the findings of fact and conclusions of law reported by HON. SAMUEL W. PENNYPACKER, the trial judge, and upon the exceptions filed to such findings and conclusions on behalf of the defendants, it is now ordered and decreed that the exceptions of the defendants be dismissed; that the findings of fact and conclusions of law reported and filed by HON. SAMUEL W. PENNYPACKER, the trial judge, be confirmed; that the complainant, Walter Raleigh, be permitted to sign and become a party to the agreement for reorganization of the Choctaw Coal and Railway Company as of August 31, 1894, upon his assigning, transferring, and surrendering his shares of stock in said company and upon his paying his assessment thereunder. [16]

Interest on the securities and the assessment to be adjusted as of the date of settlement.

*Errors assigned* among others were (1, 2, 9, 10, 11) above findings, quoting them; and (16) the decree of the court, quoting it.

*Samuel Dickson*, for appellants, cited Clegg v. Edmondson, 8 DeG. M. & G. 787; Fidelity Co's. App., 106 Pa. 144; Grim's App., 100 Pa. 88; Lusk's App., 108 Pa. 152; Aultman's App., 98 Pa. 505; Landis v. West Penna. R. R., 133 Pa. 579; Symmes v. Union Trust Co., 60 Fed. Rep. 830.

*Joseph P. McCullen*, for appellee, cited Remington v. Irwin,

14 Pa. 145; 2 Lewin on Trusts, *522; Chable v. Nicaragua Co., 59 Fed. Rep. 848; 1 Beach on Modern Equity Juris., sec. 270; Aultman's App., 98 Pa. 505; Johns v. Tiers, 114 Pa. 617; Jewett v. Miller, 10 N. Y. 405.

PER CURIAM, March 21, 1898:

We find no error in this decree. It is predicated of the facts correctly found by the learned court below, and we are all of opinion that it should not be disturbed. There is nothing in either of the specifications of error that requires discussion.

The decree is affirmed and appeal dismissed at appellants' costs.