Buckley, Appellant, *v.* Buckley.

Argued October 7, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

466

*F. Cortez Bell,* with him *Bell, Silberblatt & Swoope,* for appellant.

*David L. Baird,* with him *Baird & McCamley,* for appellee.

OPINION BY RHODES, P. J., November 12, 1957:

This is an appeal by plaintiff-husband from the decree of the Court of Common Pleas of Centre County sustaining exceptions to the master's report and refusing a decree of divorce in his action against his wife, the defendant. In his complaint appellant alleged as grounds for divorce (1) cruel and barbarous treatment, (2) indignities to the person, and (3) desertion. A bill of particulars was filed after which a master was appointed. The master filed his report recommending a decree on the three grounds alleged in appellant's complaint. Exceptions to the master's report were filed by defendant and sustained by the court below and a decree of divorce refused. From the action of the court below this appeal has been taken.

The court below, in an opinion by the late President Judge IVAN WALKER, concluded that the preponderance of the evidence was in favor of the defendant and that no compelling, imperious reasons had been established by appellant which should result in a severance of the marital relationship which had existed for almost twenty-seven years. See *Moyer v. Moyer,* 181 Pa. Superior Ct. 400, 409, 124 A. 2d 632.

Appellant had the burden of proving his case by clear and convincing evidence that defendant had given him, the innocent and injured spouse, ground for divorce; moreover, there must be a preponderance of the evidence in his favor. *Wasson v. Wasson,* 176 Pa. Superior Ct. 534, 538, 108 A. 2d 836. On our independent examination of the record we have concluded that appellant failed to meet this burden.

The parties were married on December 21, 1929, at Lewistown, Mifflin County. Two daughters were born of the marriage who were twenty-five and nine years of age at the time of the hearings in December, 1955. In September, 1930, appellant and defendant moved to the farm of appellant's parents near Lebanon, Pennsylvania. Following the birth of the elder daughter on October 3, 1930, defendant returned to the home of her parents at Wallaceton, Clearfield County. After a nonsupport action in the Court of Quarter Sessions of Clearfield County, in June, 1931, the parties returned to Lewistown where they resided in the home of the appellant's brother for several weeks. Appellant testified: "Well, I couldn't find work and she agreed to go back to her home [at Wallaceton] until I found work." Thereupon defendant returned to her home. During the ten-year period from June, 1931, to March, 1941, the parties lived apart. Appellant admitted that he furnished defendant and their daughter little, if any, support during this ten-year period.

In March, 1941, the parties resumed cohabitation and acquired a modest home in Phillipsburg, Centre County. From 1942 to 1945 they lived in Niagara Falls, New York, where appellant was employed. In the summer of 1944 an incident took place at Niagara Falls which has been emphasized in the present action. Appellant was accused by his wife and daughter of attacking the daughter, then aged fourteen, and forcing her

to have sexual relations with him. Appellant denied the charge, and the master accepted appellant's uncorroborated testimony in all material respects.

In 1945, appellant having obtained work in Allentown, they moved from Niagara Falls to their home in Phillipsburg. Subsequently, in 1951, appellant again obtained employment in Niagara Falls which continued until the time of the hearings on his complaint in divorce. From 1951 until October, 1953, appellant visited defendant on some week-ends at Phillipsburg. He asserted that defendant refused his efforts to have her live at Niagara Falls. Defendant denied that he made such request and testified that appellant never provided a home for her in Niagara Falls during this period, although she asked him to do so.

Appellant relies solely upon his own testimony to sustain his charges. Defendant and her elder daughter were the only other witnesses in the case.

As to the charge of cruel and barbarous treatment, we find no merit. Appellant testified as to one incident on October 31, 1953, when he alleged that defendant, as the result of a dispute, threatened that she would kill him. He also testified that the daughter was present at the time and said she would help her mother. However, they made no effort to hit him and this single incident resulted in no actual personal violence or a reasonable apprehension thereof. In any event, appellant's return visits to Phillipsburg after October 31, 1953, and his conduct thereafter clearly indicate that he had no fear of physical violence at the hands of his wife and daughter.

On the charge of indignities to the person appellant's testimony was vague and indefinite. Indignities to the person as a ground for divorce contemplate a course of conduct or continued treatment, not a single act or acts separated by long periods of time. Under

the clear preponderance of the evidence defendant's charges of infidelity and of appellant's misconduct involving both daughters were not without apparent basis. Indignities provoked by the other party do not constitute ground for divorce unless the retaliation is excessive. *Rankin v. Rankin*, 181 Pa. Superior Ct. 414, 422, 124 A. 2d 639. In an action for divorce on the ground of indignities the burden is upon the plaintiff to establish that defendant by a course of conduct rendered plaintiff's condition intolerable and life burdensome, and to show clearly that plaintiff was an injured and innocent spouse. *Faszczewski v. Faszczewski*, 182 Pa. Superior Ct. 295, 297, 126 A. 2d 773; *McGuigan v. McGuigan*, 178 Pa. Superior Ct. 176, 179, 112 A. 2d 440. Appellant totally failed to accomplish either objective.

Appellant based his charge of desertion by defendant on events allegedly occurring about October 31, 1953. Accepting appellant's testimony as credible, it is not clear that defendant excluded appellant from the Phillipsburg home or that she refused to go to any suitable home in Niagara Falls in 1953 or thereafter. "And as a general rule before a wife can be chargeable with desertion it must be shown not only that she refused without cause to join her husband at his new location, but also that he provided a suitable place of residence for her there." *Holt v. Holt*, 170 Pa. Superior Ct. 547, 552, 87 A. 2d 790, 792. We find nothing in the record which would satisfactorily establish either fact.

Although a decree of divorce may be granted on the uncorroborated testimony of a plaintiff, we find no justification whatsoever to apply that principle in the present case.

The decree of the court below refusing a divorce is affirmed.