Fitelson, Appellant, *v.* Fitelson.

Argued March 2, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Nicholas R. Degillio*, for appellant.

*Joseph J. Savitz*, with him *Max Rosenn*, and *Rosenn, Jenkins & Greenwald*, for appellee.

OPINION BY WRIGHT, J., April 16, 1959:

In this case the husband filed a complaint in divorce a.v.m. on the ground of desertion. The master recommended that a decree be entered. The court below sustained the wife's exceptions and dismissed the complaint. This appeal by the husband followed.

The parties were married on January 3, 1927. No children were born as a result of the marriage, but two boys were adopted. At the time of the hearing before

the master, the husband was aged 51 and the wife 52. The husband was a newspaper circulation representative and the parties moved frequently and resided at various places in New York, Nebraska, New Jersey, and Pennsylvania, finally settling in Easton in 1949 where they purchased a residence. Some two years later the husband "had a chance to buy the ground to open a park I had in mind called Playland Park" in Rice Township, Luzerne County. The theory of his case is that he desired his wife to move to Luzerne County and she refused. On the other hand, the wife's position is that she was always willing and desirous to move but that the husband refused on the ground, inter alia, that there were no facilities for the children to go back and forth to school. The husband is presently in the insurance business. The wife is employed as a clerk for the Easton School District.

Appellant advances three contentions. The first states a general proposition which is not in dispute, namely, that a husband has the right to change his home if his work, his comfort, or even if his convenience requires it, and if the wife without reasonable cause refuses to join him, and if such home is suitable within the husband's means and the choice thereof is made by him in good faith, her refusal constitutes desertion. See *Greer v. Greer*, 178 Pa. Superior Ct. 643, 115 A. 2d 794; *Kowalchick v. Kowalchick*, 187 Pa. Superior Ct. 201, 144 A. 2d 762; *Hyle v. Hyle*, 188 Pa. Superior Ct. 20, 145 A. 2d 889. To support a charge of desertion it must be shown that the wife refused without cause to join her husband at his new location, and that he provided a suitable residence for her: *Buckley v. Buckley*, 184 Pa. Superior Ct. 465, 135 A. 2d 791.

This brings us to appellant's remaining contentions, which constitute the crux of the appeal and may be

treated together: "(2) Has the Plaintiff established by clear and satisfactory evidence the desertion of the Defendant for and during a continuous period of two years? (3) Did the Court below err in rejecting the judgment of the Master, who recommended the divorce be granted, where issue was one of credibility of the parties and their witnesses?"

The burden was upon appellant to establish his wife's desertion by clear and convincing evidence: *Jablonski v. Jablonski,* 188 Pa. Superior Ct. 337, 146 A. 2d 813. It was incumbent upon him to prove an intention on the part of the wife to desert, willfully and maliciously persisted in without cause for a period of two years: *Rood v. Rood,* 117 Pa. Superior Ct. 291, 178 A. 173. He must present a clear and satisfactory case on which our determination may be confidently rested: *McKrell v. McKrell,* 352 Pa. 173, 42 A. 2d 609. While a decree may be supported by the testimony of the complainant alone, if this testimony is contradicted and shaken by the defendant, and there are no convincing circumstances warranting a disregard of the contradictory evidence, a case is not made out: *Friess v. Friess,* 156 Pa. Superior Ct. 38, 39 A. 2d 151. In a proceeding dissolving a marriage contract, the case is not to be disposed of on a doubtful balance of the evidence: *Rommel v. Rommel,* 87 Pa. Superior Ct. 511.

Appellant's case rested solely upon his own testimony, which was directly contradicted by the testimony of the wife. The only witness other than the parties was their eighteen year old son, who corroborated the testimony of his mother. In the words of Judge PL\OLA for the court below: "We have carefully read the record and we find that the evidence of the plaintiff is fully contradicted by the evidence of the defendant and what little corroboration there is, supports her. Under the circumstances, the plaintiff has

not met the burden of proof; he has not established every essential fact by clear and satisfactory proofs".

Appellant relies greatly on the master's report, particularly the statement of the master that he "was favorably impressed by the testimony of the plaintiff and found defendant's testimony unconvincing and not worthy of belief". While the recommendations and observations of the master are worthy of the fullest consideration, they do not control our appraisal of the weight and credibility of the testimony: *Wasson v. Wasson,* 176 Pa. Superior Ct. 534, 108 A. 2d 836. In the words of Judge (now President Judge) RHODES in *Mentser v. Mentser,* 136 Pa. Superior Ct. 582, 7 A. 2d 541, "The weight of the testimony and the credibility of the witnesses are to be determined by the tribunal which is last called upon to pass upon the facts". In *Rankin v. Rankin,* 181 Pa. Superior Ct. 414, 124 A. 2d 639, we said: "We are required to consider the evidence de novo, pass upon its weight and upon the credibility of witnesses and reach an independent conclusion upon the merits . . . Where the master's conclusions as to credibility are at variance with the record, his findings are entitled to little consideration". We have concluded that, on this record, the court below was justified in rejecting the master's recommendation. See *Dash v. Dash,* 357 Pa. 125, 53 A. 2d 89.

Decree affirmed.