## Zirot, Appellant, v. Zirot.

Argued November 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*A. G. Helbling,* for appellant.

*George W. Lucas,* for appellee.

OPINION BY WRIGHT, J., January 16, 1962:

In this case the husband filed a complaint in divorce a.v.m. on the ground of indignities to the person. The Master recommended that a decree be entered. The court below sustained the wife's exceptions and dismissed the complaint. This appeal by the husband followed.

The parties were married on April 29, 1939. It was the first marriage for each. No children were born as a result of their union. However, they adopted an infant daughter on January 25, 1952. The husband is now fifty-one, and the wife forty years of age. He is an electrician, and works for the Jones and Laughlin Steel Corporation. She is employed as a waitress. The husband testified that "we lived happy for ten years", that his wife then commenced "nagging", and that he left the common home in August 1952, following a violent argument. His allegations were, inter alia, that his wife would go out in the evenings and return under the influence of liquor; that on one occasion she wrecked his automobile; that she made false accusations; that she used obscene language; that she insulted his friends and ordered them off the premises; and that on one occasion she threatened to kill him. The Master concluded "that plaintiff's version was not effectively controverted by defendant". The court below found to the contrary "that the evidence of the plaintiff is fully contradicted by the evidence of the defendant. In addition, the plaintiff's evidence was badly shaken by that of the defendant and her witnesses".

In a proceeding by a husband for a divorce on the ground of indignities, the burden is upon him to prove

not only that the wife's course of conduct rendered his condition intolerable and his life burdensome, but also that he was the innocent and injured spouse: *Lombard v. Lombard,* 194 Pa. Superior Ct. 162, 166 A. 2d 98. Appellant contends that credibility is the crux of the instant case, and that the findings of the Master in that regard should be given effect; citing *Glick v. Glick,* 170 Pa. Superior Ct. 142, 84 A. 2d 248, and *Van Houten v. Van Houten,* 174 Pa. Superior Ct. 29, 98 A. 2d 397. It is well settled, however, that the recommendations and observations of the Master, although worthy of the fullest consideration, do not control our appraisal of the weight and credibility of the testimony: *Fitelson v. Fitelson,* 189 Pa. Superior Ct. 366, 150 A. 2d 389. While a decree may be supported by the testimony of the complainant alone, if this testimony is contradicted and shaken by the defendant, and there are no convincing circumstances warranting a disregard of the contradictory evidence, a case is not made out: *Burt v. Burt,* 194 Pa. Superior Ct. 34, 166 A. 2d 85.

The adoption proceeding, more than two years after appellant contends that his wife's misconduct had commenced, casts serious doubt upon the sincerity and truth of appellant's allegations. The complaint in divorce was filed on August 31, 1954, but was not proceeded with by the appointment of a Master until September 9, 1960, six years later. This long delay raises further doubt as to appellant's good faith. See *Orme v. Orme,* 177 Pa. Superior Ct. 209, 110 A. 2d 870; *Herger v. Herger,* 195 Pa. Superior Ct. 40, 169 A. 2d 329. It also appears that, on September 4, 1952, immediately following the separation, appellant was ordered to pay $20.00 per week for the support of his wife and adopted child. On December 30, 1954, the order was increased to $30.00 per week. The record of this proceeding, although not conclusive, is evidence "which

requires a strong case to overcome": *Loughney v. Loughney,* 111 Pa. Superior Ct. 214, 169 A. 460.

Upon appeal from a decree in a divorce proceeding heard before a Master, it is the duty of the appellate court to make an independent investigation of the evidence in order to determine whether in truth it does establish a legal cause for divorce: *Jablonski v. Jablonski,* 188 Pa. Superior Ct. 337, 146 A. 2d 813; affirmed 397 Pa. 452. The Commonwealth is a party to all divorce proceedings, and a decree of divorce must be founded upon compelling reasons, and upon evidence that is clear and convincing: *Wasson v. Wasson,* 176 Pa. Superior Ct. 534, 108 A. 2d 836; *Baxter v. Baxter,* 192 Pa. Superior Ct. 62, 159 A. 2d 533. Having carefully reviewed this record, we agree with the lower court that appellant did not meet his burden of proof. The fact that this marriage was not a happy one does not warrant a decree of divorce: *Danna v. Danna,* 187 Pa. Superior Ct. 129, 144 A. 2d 465. As aptly stated in *Meinel v. Meinel,* 109 Pa. Superior Ct. 143, 167 A. 379: "Not all marriages are made in Heaven, nor are capital prizes equally distributed".

Decree affirmed.