Staffieri, Appellant, *v.* Staffieri.

444

Argued March 27, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*John W. Fawcett, III,* with him *Richard E. McDevitt,* and *Montgomery, McCracken, Walker & Rhoads,* for appellant.

*Peter B. Scuderi,* for appellee.

OPINION BY WRIGHT, J., April 12, 1962:

On June 29, 1960, Dominick Staffieri filed a complaint in divorce a.v.m. against his wife, Anne Marino

Staffieri, on the ground of indignities to the person. A Master was appointed on September 21, 1960. After taking testimony at several hearings, the Master filed a report on October 30, 1961, in which he recommended that a decree be entered. On December 15, 1961, the court below sustained the wife's exceptions and dismissed the complaint. The husband has appealed.

The parties were married on June 5, 1943. The husband is presently fifty and the wife forty-one years of age. There were two children born of the marriage, a daughter now eighteen and a son now eleven. Both children reside with the wife. After their marriage the parties lived at various addresses in the City of Philadelphia, and worked together in the development of a successful air compressor rental business. The husband testified as follows: "We were happily married until about October of 1958". Similarly, the wife testified: "It was a beautiful marriage. He was a good husband and a good father up until 1958".

The record discloses that, sometime in the year 1958, the husband manifested behavior which indicated that he was suffering from mental illness. He began to falsely charge his wife with infidelity. He accused her of putting dope in his food, and of running around in his car when, in fact, the wife could not even drive. On one occasion, when the wife discarded a soiled mattress, the husband accused her of putting it in the truck so she could sleep with other men. On another occasion, he pulled an entire stranger out of a car which was parked across the street. On still another occasion, he sat at the head of the stairs with a shotgun. The husband was finally admitted to the Philadelphia Psychiatric Hospital, where he underwent shock treatments. The parties then moved to Almonessen, New Jersey. After a stay of several months the husband departed on June 25, 1959, without informing his wife that he intended to leave.

The indignities of which the husband complains are based upon certain actions of the wife following the separation. However, the testimony discloses that the wife's conduct in these particulars was largely motivated by concern for her husband's physical condition and the welfare of the business. Although the husband called a number of witnesses as to various occurrences, it is to be noted that in almost every instance the wife indicated that the trouble was due to her husband's illness, and requested that the witness "stick by Dom". "Help him all you can. Things will straighten out". She told her children to "have patience with Daddy". "Your father is a good man. It is really just his nerves. He doesn't want to be that way".

The applicable legal principles are well settled and have been frequently restated. The interest of the Commonwealth in the preservation of the marriage status makes it an interested third party in every divorce proceeding: *Baxter v. Baxter*, 192 Pa. Superior Ct. 62, 159 A. 2d 533. The recommendations and observations of the Master, although worthy of the fullest consideration, do not control the appraisal, either by the court of common pleas or by the appellate court, of the weight and credibility of the testimony: *Fitelson v. Fitelson*, 189 Pa. Superior Ct. 366, 150 A. 2d 389. A decree of divorce must be founded upon compelling reasons and upon evidence that is clear and convincing: *Wasson v. Wasson*, 176 Pa. Superior Ct. 534, 108 A. 2d 836. In a proceeding by a husband for a divorce on the ground of indignities, the burden is upon him to prove not only that the wife's course of conduct rendered his condition intolerable and his life burdensome, but also that he was the innocent and injured spouse: *Zirot v. Zirot*, 197 Pa. Superior Ct. 124, 177 A. 2d 137.

This appeal does not raise any new question. It may be disposed of briefly by stating our independent conclusion, after a review of the evidence, that the husband

has not proved that his wife was guilty of indignities, or that he was the innocent and injured spouse. We are all of the opinion that the court below acted properly in dismissing the complaint.

Decree affirmed.