## Nordmann v. Nordmann, Appellant.

Argued November 11, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Allen N. Brunwasser,* for appellant.

*R. C. McHugh,* with him *Joseph F. Weis, Jr.,* and *Weis & Weis,* for appellee.

OPINION BY MONTGOMERY, J., December 16, 1964:

The primary question in this appeal is whether the evidence given at the ex parte hearing on the complaint in divorce a mensa et thoro is sufficient to support the decree. The appeal taken from the decree was in time since the proceedings were stayed by order of the lower court following the entry of the decree. *Commonwealth v. Samolsky,* 202 Pa. Superior Ct. 406, 195 A. 2d 818 (1963).

The proof required in an action for divorce a mensa et thoro must be as clear as in an action for an absolute divorce. *Commonwealth ex rel. Reddick v. Reddick,* 198 Pa. Superior Ct. 111, 181 A. 2d 896 (1962).

Accepting the evidence before us as believable, since appellant-husband did not appear to refute it, we conclude that it was insufficient to establish either cruel and barbarous treatment or indignities to the person as grounds to support the decree.

Initially it is observed that there is no evidence to establish jurisdiction. The record shows only that the parties were married May 17, 1958, in Carnegie and went to live with appellee's mother at Lakdale. Lakdale is not identified by county or state and her present address is not given. It is suggested by counsel for appellee that Lakdale was in fact an error and was meant to be Oakdale, Allegheny County, Pennsylvania, as set forth in the complaint, on which the proper allegations of residence are also given, viz., 611 North Highland Avenue, Oakdale, Pennsylvania, and 28 years residence in Pennsylvania. These allegations are not sufficient. A divorce can never be decreed upon the pleading but must be based on testimony. *Hepworth v. Hepworth*, 129 Pa. Superior Ct. 360, 195 A. 924 (1937) ; and jurisdictional facts must be established by satisfactory evidence. *Miln v. Miln*, 175 Pa. Superior Ct. 613, 106 A. 2d 862 (1954).

There is no evidence to support the charge of cruel and barbarous treatment. Appellee's strongest statement is ". . . he flew into this rage and started slapping me around." Much more extreme acts of cruelty were rejected by us in *Robinson v. Robinson*, 183 Pa. Superior Ct. 574, 133 A. 2d 259 (1957), although held to be evidence of indignities. However, we are of the opinion that all of the evidence does not satisfy the rule used to determine indignities as a ground for divorce, viz., there must be clear and satisfactory proof to show a course of conduct which renders the condition of the other party intolerable or his life burdensome, and from which an inference of settled hate and estrangement may be deduced. The conduct must be

continual and persistent and not a single act or isolated instance. *Craig v. Craig,* 170 Pa. Superior Ct. 530, 85 A. 2d 626 (1952).

Appellee's testimony shows but one specific incident which occurred on a New Year's Day when her husband started to slap her around. Even her references to foul names are not followed by any particular names and such occurrences happened only a few times between 1958 and 1963.

Although appellant did not appear at the hearing, he did move to set aside the decree within six weeks after it was entered. There is no evidence that he knew of its entry until he was served with notice of the new petition for alimony filed shortly before that time. We cannot apply the doctrine[1] of *Worobey v. Worobey,* 201 Pa. Superior Ct. 41, 190 A. 2d 167 (1963), under the circumstances.

We are of the opinion that this matter should be remanded for a full hearing and, in view of that action, the order for permanent alimony and counsel fees must also be vacated, without prejudice to appellee to renew her petition in the lower court for the allowance of same.

Orders reversed and new trial awarded on complaint, without prejudice to renew petition for permanent alimony and counsel fees.

---

[1] "When such improper motive is apparent, dilatory tactics resulting in the prolonging of litigation will not be countenanced."