## Sokol, Appellant, *v.* Sokol, Appellant.

Argued April 13, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*George S. Goldstein,* for wife.

*F. Peter Dixon,* with him *L. Pat McGrath,* for husband.

OPINION BY WRIGHT, J., June 17, 1965:

We have before us for consideration decrees of the Court of Common Pleas of Allegheny County in two divorce actions. On October 5, 1961, Rose Sokol insti-

tuted an action for divorce from bed and board against her husband, Jacob Sokol, on the grounds of cruel and barbarous treatment and indignities to the person. On January 3, 1962, the husband filed an answer, together with a praecipe for rule for bill of particulars. On July 5, 1962, the wife filed a bill of particulars, together with a petition for alimony pendente lite and counsel fee. On July 16, 1962, the husband instituted an action for divorce a.v.m. on the ground of indignities to the person, to which the wife, on July 19, 1962, filed an answer, together with a praecipe for rule for bill of particulars. On the same date the amount of alimony pendente lite and counsel fee was determined. On August 7, 1962, by agreement of the parties, the two actions were consolidated. On August 27, 1962, the husband filed a bill of particulars. On August 29, 1962, a master was appointed. On July 31, 1963, the master filed a report recommending that both complaints be dismissed, to which report both parties filed exceptions. On September 9, 1964, the exceptions were dismissed by the court en banc, and final decrees entered. The wife appealed to this court on October 6, 1964. The husband's appeal was filed on December 7, 1964.

We have made a painstaking review of this voluminous original record. The master conducted hearings on seven full days, and the notes of testimony cover some eleven hundred typewritten pages. The parties were married at the Sharre Torah Synagogue on December 22, 1959. Each had been married previously, and their respective spouses had died. After the marriage the parties lived in the wife's home at 781 Melbourne Street in the City of Pittsburgh. At the time of the marriage the husband was 67 and the wife was 52. The husband had two daughters by his first wife, both of whom are married and live in Phoenix, Arizona. The wife had two daughters by her first marriage, both

462

of whom are married. One lives in Springfield, Virginia, and the other in LaMirata, California. Before the marriage the parties entered into a prenuptial agreement. By the terms of this agreement the husband released his rights in the wife's assets, and the wife released her rights in eight dwelling houses owned by the husband. She did not release her rights in certain other parcels of real estate owned by the husband, specifically including a dwelling on Craig Street. The husband later conveyed the Craig Street property without his wife's joinder. At the time she filed her divorce action, the wife left Pittsburgh and went to the home of her daughter in Virginia. She returned to Pittsburgh on April 28, 1962, and changed the locks on the house. When the husband attempted to enter, an altercation occurred which resulted in the husband's arrest.

The record discloses that during the months of October, 1961, through April, 1962, the husband constantly telephoned his wife in an effort to persuade her to return, wrote letters avowing his love for her, and offered to buy her a new home. This uncontradicted testimony plainly indicates that the wife's conduct had not rendered the husband's condition intolerable and his life burdensome, an essential feature which it was his duty to prove: McKrell v. McKrell, 352 Pa. 173, 42 A. 2d 609. And see Zirot v. Zirot, 197 Pa. Superior Ct. 124, 177 A. 2d 137; DeFrancesco v. DeFrancesco, 179 Pa. Superior Ct. 106, 115 A. 2d 411. There is no merit in the husband's case for two additional reasons. Not only did he fail to satisfactorily establish indignities on the part of the wife, but also it clearly appears that he was not an innocent and injured spouse and the court below so found. See Wasson v. Wasson, 176 Pa. Superior Ct. 534, 108 A. 2d 836; Matovcik v. Matovcik, 173 Pa. Superior Ct. 267, 98 A. 2d 238. Indeed, it would seem that the husband's action was filed belatedly as a matter of procedural tactics, and not "in sin-

cerity and truth" as required by The Divorce Law. Act of May 2, 1929, P. L. 1237, Section 25, 23 P.S. 25.

Coming now to the wife's action for a bed and board divorce, the continued existence of this remedy has been severely criticized.[1] The charge of cruel and barbarous treatment is based on an isolated incident of minor significance which did not render further cohabitation dangerous. See *Simons v. Simons,* 196 Pa. Superior Ct. 650, 176 A. 2d 105. As to the charge of indignities, it appears that the husband was obsessed with matters of sex. He boasted of his virility, and described intimate sex relations with his wife to her friends and neighbors. He constantly referred to himself as "King Carol", and to his wife as "Magda". He was inordinately jealous and called other men "flies". On one occasion at a nightclub he took hold of his wife's buttocks and inquired loudly: "Isn't this a nice piece of beef". He was in the habit of questioning other women, some complete strangers, about their love affairs and sexual experiences. It is clear, however, that his conduct, while offensive to the wife's sensibilities, did not manifest settled hate and estrangement. This necessary element must be established in order to warrant a decree: *Craig v. Craig,* 170 Pa. Superior Ct. 530, 85 A. 2d 626; *Nordmann v. Nordmann,* 204 Pa. Superior Ct. 562, 205 A. 2d 690. While considerable justification exists for the wife's refusal to continue marital relations, we are not inclined to interfere with the result reached by the court below. See *Bruno v. Bruno,* 185 Pa. Superior Ct. 219, 138 A. 2d 301; *Reddick v. Reddick,* 194 Pa. Superior Ct. 257, 166 A. 2d 553; *Zimmerman v. Zimmerman,* 198 Pa. Superior Ct.

---

[1] Freedman, Law of Marriage and Divorce in Pennsylvania, 2nd Edition, section 354. The denial of a divorce from bed and board is not a bar to a subsequent action by the wife for support: *Commonwealth ex rel. Reddick v. Reddick,* 198 Pa. Superior Ct. 111, 181 A. 2d 896.

464  removed

26, 180 A. 2d 97. It therefore becomes unnecessary to pass on the husband's contention that the wife's action should be dismissed because of irregularity in the affidavit to her complaint.

In summary, we agree with the conclusion of the court en banc that, on this record, a divorce should not be granted in either action. As stated in the opinion below, the parties must remain "where they put themselves". Cf. *Walper v. Walper,* 198 Pa. Superior Ct. 400, 182 A. 2d 209.

Decrees affirmed, costs in both appeals to be paid by Jacob Sokol.