Sacavitch, Appellant, *v.* Sacavitch.

Argued June 21, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

230

*Anthony L. V. Picciotti,* for appellant.

*Nicholas A. Cipriani,* for appellee.

OPINION BY HOFFMAN, J., September 16, 1965:

Joseph Sacavitch instituted an action in divorce a.v.m. against his wife, Rita Sacavitch, on the ground of indignities to the person. The court below appointed a master to take testimony. The master filed a report in which he recommended that divorce a.v.m. be granted to the husband. The court below sustained the exceptions filed by the wife and dismissed the husband's complaint. From this dismissal, the husband appeals.

As is our duty, we have carefully reviewed the evidence de novo, passed on its weight and on the credibility of the witnesses, and reached an independent conclusion upon the merits. *Pasternak v. Pasternak,* 204 Pa. Superior Ct. 339, 341, 204 A. 2d 290, 291 (1964). The parties were married on February 20, 1960, and resided together in Philadelphia until their separation in August of 1962. Two children were born of this marriage.

The husband alleges that his wife offered to him indignities which may be classified into several categories: domestic inefficiency, personal uncleanliness,

and the use of obscene language. More particularly, the husband testified that his wife failed to maintain an orderly home, to cook his meals, and to wash his clothes. He complained of her indiscreet use of obscene language. He further testified that his wife did not properly attend to their children. The wife denied most, if not all, of these specific allegations. Both parties produced supporting witnesses to corroborate their respective viewpoints.

We do not find that the husband sufficiently established a course of conduct by his wife which manifests settled hate and estrangement. Furthermore, the husband failed to prove that he was an innocent and injured spouse as required by statute, since he did not adequately refute his wife's contention that he had used vulgar language and had beaten her.

Although the master in his report has decided all questions of credibility in favor of the husband, the master's recommendations and considerations do not control our appraisal of the weight and credibility of the testimony. *Blatt v. Blatt,* 206 Pa. Superior Ct. 177, 212 A. 2d 907 (1965). We agree with the lower court that the master's findings are not adequately substantiated in his report.

Therefore, from our independent examination of the record, we conclude that the husband has not established by a preponderance of clear and satisfactory evidence that he was an innocent and injured party, and that he has suffered indignities which have rendered his condition intolerable and his life burdensome. Cf. *Zirot v. Zirot,* 197 Pa. Superior Ct. 124, 177 A. 2d 137 (1962). The incidents narrated by the husband do indicate a state of domestic infelicity, but the legislature and the courts of this Commonwealth will not permit the sacred bonds of matrimony to be broken without clear proof of compelling reasons.

Order affirmed.