## Blatt, Appellant, *v.* Blatt.

Argued June 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS and HOFFMAN, JJ. (FLOOD, J., absent).

*John E. Ruth,* with him *Ruth, Weidner, Woerle & Yoder,* for appellant.

*Alan M. Hawman, Jr.,* for appellee.

OPINION BY WRIGHT, J., September 16, 1965:

On August 29, 1962, Paul S. Blatt filed a complaint in divorce a.v.m. against his wife, Anna M. Blatt, on the ground of indignities to the person. Following the determination of rules for a bill of particulars and for alimony pendente lite and counsel fees, a master was appointed on November 14, 1963. After taking testimony at five hearings, the master filed a report on August 25, 1964, in which he recommended that a divorce be granted. On January 4, 1965, the court below sustained exceptions filed by the wife, and dismissed the complaint. This appeal by the husband followed.

The parties were married on October 20, 1928, and thereafter resided in a rural section of Berks County. Their home is owned as tenants by the entireties. They had one child, a son who died on July 30, 1959, as the result of an automobile accident. The relationship of the parties deteriorated thereafter. The separation occurred on September 3, 1962, when the husband left the common habitation. At the time of the hearing the husband was aged fifty-nine years, and was employed as the operator of a roller grader. The wife was aged sixty-seven years. The husband's principal complaint was that his wife kept a number of cats on the premises, also a large dog and a pony, and that, despite his objections, she refused to get rid of these animals.

The applicable legal principles are well settled and need not be restated at length. The recommendations and observations of the Master, although worthy of the fullest consideration, do not control the appraisal, either by the court of common pleas or by the appellate court, of the weight and credibility of the testimony: *Staffieri v. Staffieri,* 197 Pa. Superior Ct. 443, 179 A. 2d 663. Our independent review of this record leads us to agree with the conclusion of the court below that the wife's conduct did not manifest settled hate and estrangement. It was the husband's burden to establish this necessary element in order to warrant a decree: *Sokol v. Sokol,* 205 Pa. Superior Ct. 459, 211 A. 2d 118.

It was also the husband's burden to prove that he was the innocent and injured spouse: *Sokol v. Sokol,* supra, 205 Pa. Superior Ct. 459, 211 A. 2d 118. Much of the wife's testimony concerned this feature of the case. While the lower court felt that it was unnecessary to adjudicate the question, the actual reason for the separation, as disclosed by the record, is aptly stated in Judge READINGER'S opinion as follows:

180

"The testimony does indicate clearly that when the plaintiff, now age 59 years, left defendant, now 67 years, he took a room in the home of a younger woman, a widow, where he was apparently residing as late as May 7, 1964, the date of the final hearing before the Master. Testimony on the part of defendant that this woman's adult son who had lived there during a portion of the time between September 3, 1962 and May 7, 1964, no longer resided at home, was not rebutted by the plaintiff. We are of opinion that plaintiff's real reason for leaving his wife was his interest in this other woman, and not because his life had become intolerable and burdensome due to any conduct on the part of defendant".

Decree affirmed.