Nichols *v.* Nichols, Appellant.

Argued April 13, 1965; reargued December 13, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Henry E. Rea, Jr.,* with him *Paul Brandt, C. Donald Gates, Jr.,* and *Brandt, Riester, Brandt & Malone,* for appellant.

*Thomas H. Welsh,* with him *Metz, Cook, Hanna & Kelly,* for appellee.

OPINION BY WRIGHT, J., March 24, 1966:

On July 31, 1962, Robert A. Nichols filed a complaint in divorce a.v.m. against his wife, Irene M. Nichols, on the ground of indignities to the person. Following the filing of an answer and the determination of a rule for a bill of particulars, a master was appointed on June 13, 1963. After taking testimony, the master filed a report on June 18, 1964, recommending that the prayer of the complaint be denied. On January 5, 1965, the court below sustained exceptions filed by the husband and entered a final decree. This appeal followed.

The parties were married on November 5, 1948. The wife was then forty-three years of age and the husband was thirty-seven. The wife had been married twice previously and the husband once before. No children were born to their union. The wife had a daughter by a previous marriage. The husband is Division President of Basic Engineers, a concern engaged in designing and fabricating. The wife performs the duties of a housewife. The parties lived together without difficulty apparent to others until July 18, 1962, when the husband left the common habitation.

Upon appeal from a decree in a divorce proceeding heard before a master, it is the duty of the appellate court to make an independent investigation of the evidence in order to determine whether in truth it does establish a legal cause for divorce: *Benscoter v. Benscoter,* 200 Pa. Superior Ct. 251, 188 A. 2d 859; *Stofko v. Stofko,* 201 Pa. Superior Ct. 301, 191 A. 2d 697. A divorce may not be granted without clear proof of compelling reasons: *Sacavitch v. Sacavitch,* 206 Pa. Superior Ct. 229, 212 A. 2d 926; *Staffieri v. Staffieri,* 197 Pa. Superior Ct. 443, 179 A. 2d 663. To warrant a de-

cree of divorce on the ground of indignities, there must be clear and satisfactory proof of a course of conduct which rendered the condition of the other party intolerable and life burdensome, and from which an inference of settled hate and estrangement may be deduced: *Nordmann v. Nordmann*, 204 Pa. Superior Ct. 562, 205 A. 2d 690. It was the husband's burden to show that his wife's conduct manifested settled hate and estrangement: *Sokol v. Sokol*, 205 Pa. Superior Ct. 459, 211 A. 2d 118; *Blatt v. Blatt*, 206 Pa. Superior Ct. 177, 212 A. 2d 907. We are satisfied that the husband failed to meet this burden in the case at bar. Even if we accept the husband's testimony as substantially true, we agree with the master that it did not make out a clear and convincing case.

The husband testified that his wife controlled the family finances and did not give him enough money. Yet he turned his pay checks over to her without objection. The wife testified that her husband gave her the pay checks voluntarily because he felt that she was more capable of handling the money. The husband also complained that his wife refused to prepare his breakfast. He apparently ate cold cereal, a sweet roll, and milk which required little or no preparation. He stated on cross-examination that he did not ask his wife to get up in the mornings, and the testimony indicates that he preferred that she did not do so. He accused his wife of calling him a sex maniac, and an alcoholic. The appellation sex maniac was employed on only one occasion during a quarrel. The husband was admittedly a solitary drinker. The wife testified that he began to drink to excess and she told him that, if this continued, he would become an alcoholic. Her comments fall far short of the abusive language generally associated with a charge of indignities.

The husband testified that his wife embarrassed him when they had guests in the home. The record indicates

to the contrary that the wife was a pleasant hostess, and a good cook and housekeeper. She denied that she refused to entertain business guests, and testified that she accompanied her husband on his business trips whenever possible. The court below commented on the fact that the master made no finding on matters of conflict in the testimony. A specific finding with regard to credibility was not required. The master's conclusion that the divorce should not be granted implies that he determined the issue of credibility in favor of the wife. We are in accord with this determination.

The wife conceded that she had on occasion charged her husband with infidelity. However, the husband's testimony clearly disclosed that he had given his wife reasonable grounds for suspicion. The husband testified that in 1954 he was accused of having an affair with a Mrs. M. in New Castle; that in 1958 his wife remonstrated with him concerning his relationship with Mrs. J., a neighbor of questionable repute; that in 1960 she accused him of improprieties with a Miss W. during a trip to California. The husband admitted that he had been seeing Mrs. M., and that he had visited Mrs. J. His explanation with regard to Miss W. was not convincing. Having brought about his wife's accusations by his own conduct, the husband is in no position to complain of her reaction, an entirely normal one under the circumstances. Charges of infidelity by the wife do not constitute indignities where her suspicions are reasonably aroused: *Thornton v. Thornton,* 168 Pa. Superior Ct. 391, 77 A. 2d 691; *Coon v. Coon,* 173 Pa. Superior Ct. 60, 95 A. 2d 344; *Thoms v. Thoms,* 199 Pa. Superior Ct. 369, 186 A. 2d 42.

Particularly revealing is the testimony of the eight witnesses other than the parties themselves. All but one expressed surprise at the separation. The lone exception was Mrs. John M. Francis, who stated that the wife was "very nasty" at times. However, her husband,

John M. Francis, testified "that they were just an average married couple". Betty Levine, appellant's daughter who lived with the couple for several years, stated that the arguments between the parties were merely those experienced by normal married people. Reverend J. Robert Henderson, their minister, testified that both parties were active in church work, especially the wife, and that he thought the marriage was secure. Mrs. Roy Kurtzrock testified that the parties got along well together. Mrs. Elizabeth R. Moon who, with her husband, had played bridge with the parties on the evening of July 17, 1962, testified that she noticed no evidence of discord. Testimony to similar effect was given by Joseph D. Moon, and Mrs. Walter B. Shumm.

The wife concluded her testimony by stating that she still loved her husband, and had given him no cause whatever to leave. On the other hand, it is obvious that the husband had tired of the marital relationship and wanted out. However, he failed to establish sufficient grounds for divorce. A decree is not warranted because the marriage has developed into an unhappy one, *Zirot v. Zirot,* 197 Pa. Superior Ct. 124, 177 A. 2d 137, or because the parties no longer get along well together: *Walper v. Walper,* 198 Pa. Superior Ct. 409, 182 A. 2d 209. Not only have we concluded on this record that the wife was not guilty of indignities, but also it is entirely clear that the husband was responsible for creating any marital discord which may have existed. Cf. *Smith v. Smith,* 205 Pa. Superior Ct. 402, 208 A. 2d 915.

The decree of the lower court is reversed, and the complaint in divorce is dismissed.