## Stetson v. Stetson

*Francis X. Hope, Jr.,* for plaintiff.

*G. Clinton Fogwell, Jr.,* for defendant.

GAWTHROP, P. J., September 22, 1970.—In this uncontested divorce case, the master recommended a decree on the ground of indignities to the person. On review of the record, we ordered the matter down for argument to afford plaintiff's counsel an opportunity to convince the court that a decree should be granted. After oral argument, consideration of plaintiff's brief and supplemental brief, and a further careful consideration of the record, we are forced to a conclusion that a decree may not be granted.

A decree of divorce must be founded upon compelling reasons and upon evidence that is clear and convincing (Nichols v. Nichols, 207 Pa. Superior Ct. 220; McElroy v. McElroy, 185 Pa. 78, 81), and it is our duty to make an independent investigation of the evidence in order to determine whether it establishes a legal cause for divorce: Dash v. Dash, 357 Pa. 125; McElroy, supra. To establish indignities, the conduct complained of must have occurred with a deliberate, insulting and humiliating intent (Glass v. Glass, 164 Pa. Superior Ct. 118), and the burden is on plaintiff to establish a course of conduct on the part of defendant such as to render her condition intolerable and life burdensome by evidence from which an inference of settled hate and estrangement is established: Nichols, supra; Olbum v. Olbum, 183 Pa. Superior Ct. 5; Barnes v. Barnes, 181 Pa. Superior Ct. 427. Incompatibility, lack of harmony and unhappiness are not indignities and are, therefore, not grounds: Coon v. Coon, 173 Pa. Superior Ct. 60. Neither are bad temper, surliness, disagreeable disposition and

an antagonistic attitude; indifference and unsociability do not amount to indignities unless carried to extremes: Raney v. Raney, 171 Pa. Superior Ct. 43. Evidence of settled hate and estrangement is essential to proof of indignities. The regrettable fact that married couples do not get along together does not authorize a court to loose them from the bonds of matrimony: Nichols, supra; Hartley v. Hartley, 154 Pa. Superior Ct. 176. The evidence must be such that the judgment of a court may confidently be rested upon it: McKrell v. McKrell, 352 Pa. 173. The evidence here does not meet these tests.

The master made eight findings of fact relating to the cause for divorce, the last of which was that plaintiff was an injured and innocent spouse. The first, second and third findings all go to substantially the same complaint, that for several years defendant "refused to become a part of" plaintiff's social obligations which arose in connection with her employment, refusing to escort her to such functions; that on one occasion when he did accompany her to such a function, "he soon left and was discovered by a friend sleeping in the car"; and that on many occasions he declined to accompany her to functions planned by and for members of a group known as Parish Players and their spouses, so that she would have to make excuses and apologies for his absence. In short, those three findings assert incompatibility of the parties or lack of congeniality on defendant's part. Our courts have held, however, that a spouse is not bound to establish congenial relations even with the other spouse's relatives, that altercations with relatives and neighbors do not amount to indignities and that such conduct does not establish grounds for divorce: Coon, supra; Othmer v. Othmer, 158 Pa. Superior Ct. 384. A fortiori, uncongeniality with the other spouse's friends or business acquaintances

is not an indignity to the person unless that conduct is indulged in with intention to humiliate the other spouse. Here, it was not. Defendant was a "loner" but not guilty of indignities to the person of his wife.

The fourth finding is that when the parties were asked by friends to go with them or attend social functions, defendant usually refused to do so and on those occasions when he did go, he argued with those friends over trivial matters, causing plaintiff embarrassment and discomfort. On the basis of Coon and Othmer, supra, that conduct did not amount to indignities to the person of plaintiff, there being insufficient evidence to establish that such conduct was an intentional affront to her. Again, there is no showing or inference of settled hate and estrangement.

The fifth finding is that on numerous occasions defendant refused to confide in his wife about their financial situation, although her earnings contributed substantially to her own support and that of the household, and that he told her he would handle their finances in his own way because that was his business and not hers. We do not infer, as the master did, from the evidence underlying that finding that his attitude and his statement to such effect evidences an intent to injure plaintiff. At the most, this occurred no more than a half dozen times over the course of 12 years of marriage and did not amount to indignities to the person of the wife.

The sixth and seventh findings also may be considered together. They are that when plaintiff was ill or was tired, defendant "showed no concern" and would not aid her recovery by performing without complaint simple household errands such as taking the laundry to a laundress, making plaintiff feel that her husband did not care for her and was unconcerned that she was ill. By her own statement this happened

"only occasionally." she further said: "Once in a while, he would grumble and groan about the fact that he had to take it, and I never mentioned anything further to him. I just dropped the subject. I felt he was very much a loner." There is no specification of the number of times this happened and defendant does not say he refused to honor her request. The master also found that on one occasion, when plaintiff was ill, defendant refused to drive to Downingtown and bring back her mother to nurse her because the drive was too great a distance and instead he sent a friend to bring back plaintiff's mother, making plaintiff feel he was unconcerned for her health. Not only was this a single incident but plaintiff acknowledged that defendant on that occasion "felt that he had to go to work, and he couldn't spare the time, and he was not interested because of the distance involved." In the light of that evidence, we cannot find that his refusal to go for the mother was a deliberate or intentional affront to plaintiff's person or feelings.

We have independently reviewed and considered the entire record and are constrained to disagree with the master's conclusion of law that plaintiff has established a course of conduct amounting to indignities to her person or that the evidence demonstrates settled hate and estrangement. Evidence of hate and estrangement on the part of defendant toward plaintiff is essential to proof of indignities, without which she has not carried her burden of proof: Coon, Nichols and Othmer, supra. The Commonwealth is a party to all divorce proceedings, so that a decree of divorce must be founded upon compelling reasons and upon evidence that is clear and convincing. It may not be granted except for imperious reasons: Wasson v. Wasson, 176 Pa. Superior Ct. 534; McElroy, supra. On this record, we cannot conclude that plaintiff has proved a course of indignities to her person nor the

necessary factor of settled hate and estrangement. Thus, a decree may not be entered in her favor.

And now, September 22, 1970, the master's conclusion of law that plaintiff has carried her burden of proof and is entitled to a decree of divorce on the ground of indignities to the person is overruled, and the complaint is dismissed.