## Thomas v. Thomas

*Theodore A. Tenor*, for plaintiff.
*Dora J. Thomas, pp.*, for defendant.

ROWLEY, J., July 2, 1973.—Plaintiff filed a complaint seeking a divorce on the grounds of indignities and desertion. The master has filed a report recommending that the divorce be granted. We are of the opinion, however, that the matter must be referred back to the master for further proceedings.

The master, following his appointment in this case, scheduled three hearings. At the first hearing, defendant appeared by herself. As a result of defendant's appearance, the master continued the hearing. At the second hearing, defendant again appeared alone. She stated at that time that she did not want a divorce and that she had no money with which to retain a lawyer. Under questioning by the master, she stated that she had not contacted any attorney because of her lack of funds. The hearing proceeded and defendant attempted to cross-examine plaintiff and his witness and testified on her own behalf. A third hearing was held on March 26, 1973, at which time plaintiff offered rebuttal evidence and defendant again participated to the best of her layman's ability. The record in this case is clear that defendant desired to contest the divorce action, and that she desired counsel but failed to consult counsel because of her lack of funds. At no time was defendant advised by the master that she had a right to apply to the court for alimony pendente lite and reasonable counsel fees and expenses.

In Boddie v. Connecticut, 401 U.S. 371, 91 S. Ct. 780 (1971), the Supreme Court of the United States held that the due process clause of the Federal Constitution "does prohibit a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages." The basis of the court's decision was the important position "of the marriage relationship in this society's hierarchy of values and the concomitant state monopolization of the means for legally dissolving this relationship." We are of the opinion that the decision in Boddie does not apply to plaintiffs alone, but applies to both of the interested parties in a divorce proceeding. Certainly, it would be no less

**418**

a denial of due process to deny a defendant in a divorce action access to the courts by virtue of inability to pay costs or fees than it is to deny a plaintiff that same access. Boddie, of course, dealt with a State requirement that plaintiff pay court fees and costs in order to institute her divorce action. In the case before us, however, we are not concerned with costs or fees, but rather with the litigant's inability to obtain counsel. However, it is not necessary that we decide whether due process requires the appointment of counsel for an indigent litigant in a divorce proceeding.* The Commonwealth of Pennsylvania has provided a means whereby an indigent wife may obtain reasonable counsel fees and expenses in addition to alimony pendente lite: Section 46 of The Divorce Law of May 2, 1929, P.L. 1237, as amended, 23 PS §46. When the State has made such provision for an indigent wife, we are of the opinion that it is incumbent upon the master, when confronted with a situation such as that in this case, to advise the wife of the means available to her to obtain counsel. The action of the Commonwealth in making such procedures available to defendant in this case is meaningless if she is unaware of her right to follow them. Thus, upon the remand of this case, the master should take appropriate steps to see that defendant is adequately advised of her right to seek reasonable counsel fees and expenses.

We are further of the opinion that defendant's inability to secure counsel and the failure to inform her of the availability of counsel fees has had a serious consequence in this case. It is fundamental that a divorce decree may only be granted for compelling reasons and upon evidence that is clear and con-

---

* See Meltzer v. C. Buck LeCraw & Co., 402 U.S. 936, 91 S. Ct. 1624 (1971).

vincing. If a plaintiff's testimony is contradicted or shaken by that of defendant, plaintiff is not entitled to a decree on his own uncorroborated testimony. Furthermore, plaintiff is required to show his status as an innocent and injured spouse, and even though conduct on the part of a plaintiff may fall short of providing grounds for divorce, it may be sufficient to constitute a defense by one who is charged with indignities: Baxter v. Baxter, 192 Pa. Superior Ct. 62 (1960); Fitelson v. Fitelson, 189 Pa. Superior Ct. 366 (1959). A review of the record in this case shows that defendant claims that her conduct was provoked by plaintiff's excessive drinking and conduct with another woman. In addition, the record discloses that it was plaintiff who left the common home. In view of plaintiff's own testimony on these issues, we are satisfied that a meaningful decision can be made only after a full and thorough hearing of the circumstances and facts where both parties are represented by counsel.

For these reasons, we make the following

## ORDER

Now, July 2, 1973, this case is remanded to the master for further proceedings consistent with the foregoing opinion.